## LURES *v.* BOTTE.

NEW TRIAL.—PRACTICE.—Where an error occuring at the trial is not made the ground of a motion for a new trial it will not be noticed on appeal.

APPEAL from the *Porter* Common Pleas.

GREGORY, C. J.—*Lures* sued *Botte* for use and occupation of church property held by the plaintiff in trust for the *Roman Catholic* church at *Valparaiso.* The defendant answered, in addition to the general denial, claiming a set-off for money expended on the property occupied, and for services rendered as priest. The plaintiff replied to the set-off, in addition to the general denial, a former recovery, without making the former judgment a part of the reply, or averring that such judgment was still in force. The plaintiff requested the court to instruct the jury to find a special verdict. The verdict is as follows: "We, the jury, find that the defendant unlawfully held the possession of the premises against the plaintiff for the period of nine months, to the damage of the plaintiff $200. We also find that the defendant was to receive for his services, both religious and temporal, only such contributions as the said congregation would give him; that

defendant kept the church locked, and occupied the parsonage by living in it himself, and that the congregation in the mean time had no other church to worship in.   We, the jury, find for the plaintiff, on his claims, $200, and for the defendant, on his bill of particulars, $300, giving a balance to defendant of $100.

"BENJAMIN MALSBY, *Foreman.*"

When the verdict was returned into court it contained matter in relation to the former recovery, which the court struck out, in the presence and by the consent of the jury.   A motion was made for a new trial, "1.  Because the court, after the plaintiff had demanded a special verdict, and after the court had said he should have it, and against the plaintiff's objection, directed the jury to find a general verdict.  2.  Because of the irregularity in the proceedings on the part of the jury in returning a verdict unknown to the law.   3.  Because the verdict is contrary to law and the evidence.   4.  Because the court erred in overruling the demurrers to said second, third and fourth paragraphs of the answer, and each of them, and in not requiring the defendant, on plaintiff's motion, to file bills of particulars to said third and fourth paragraphs, and for other causes."

The point urged in argument by the appellant for the reversal of the judgment is that the court below erred in amending the verdict upon its being returned.   If this was an error, it was a proper ground for a motion for a new trial.   2 G. & H., § 352, p. 212, clause 1.   But as it was not one of the written causes filed for the new trial, it cannot be examined in this court on appeal.

The judgment is affirmed, with costs.

*J. B. Niles, D. H. Colerick* and *J. Colerick,* for appellants.

*O. H. Ray* and *E. W. Kimball,* for appellee.