ALBAUGH and Another *v.* JAMES.

PRACTICE.—BILL OF EXCEPTIONS.—The court having given sixty days time
to prepare a bill of exceptions, it was prepared and signed within the
time, but was not filed until afterwards.

*Held,* that it was a part of the record and could not be stricken out on
motion.

HUSBAND AND WIFE.—EVIDENCE.—A husband and wife jointly sued are
each competent to testify in their own behalf, but not for or against each
other.

APPEAL from the *Huntington* Common Pleas.

GREGORY, C. J.—The appellee moves to strike out the
bill of exceptions, because it was not filed within the sixty
days allowed by the court. Final judgment was rendered
on the 21st of *June,* 1867, at which time this entry appears:
"and the defendants are given sixty days to prepare their
several bills of exceptions." The bill of exceptions was
signed by the judge on the 17th of *August,* 1867, but not
filed by the clerk until the 6th of *September* following.

The code provides that "the party objecting to the deci-
sion must except at the time the decision is made; but
time may be given to reduce the exception to writing, but
not beyond the term, unless by special leave of the court."
2 G. & H., § 343, p. 209. The bill of exceptions was pre-
pared and signed by the judge within the time allowed by
the order, and was strictly within its terms. That it was
not filed with the clerk until after the lapse of the time
allowed for its preparation cannot avail the appellee in his
motion to strike it out.

This was a suit by *James* against the appellants, husband
and wife, for the abduction of the wife of the plaintiff.
Each of the defendants was offered as a witness in his and
her own behalf. The husband was allowed to testify that he
had nothing to do with the abduction, but was not allowed to
state the circumstances under which the plaintiff's wife left
him. The wife was excluded. This action of the court
was one of the causes assigned for a new trial.

The defendants had each the right to testify in their own behalf. Because the testimony of the husband might benefit the wife, and that of the wife might benefit the husband, is no reason for excluding the evidence. It would, however, be the duty of the court, by instructions, if asked, to limit the effect of the testimony to the case of the party testifying. When a party is sued, he or she has the right to testify in his or her own behalf; and a plaintiff cannot deprive a defendant of this right by joining husband and wife in the same suit. A husband could not call a wife to testify for him, nor could a plaintiff call her to testify against her husband, but a husband and wife jointly sued may each testify in their own behalf. The court below erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*J. R. Slack* and *W. C. Kocher*, for appellants.

*J. R. Coffroth*, for appellee.