Dorsch *et al. v.* Rosenthall.

*E. H. Bundy* and *J. T. Mellett*, for appellant.

*M. E. Forkner*, *J. Brown*, and *R. L. Polk*, for appellees.

---

## DORSCH ET AL. *v.* ROSENTHALL.

PRACTICE.—*Motion for New Trial.*—In a suit upon a note and to foreclose a mortgage, where a new trial was asked for alleged error in receiving in evidence a note differing from the note described in the mortgage, the motion, it was *held*, should have pointed out in what particular the difference existed.

SAME.—*Foreclosure.*—*Variance.*—In a suit to foreclose a mortgage, if a note is filed with the complaint, and alleged to be the same note mentioned in the

mortgage, and it is proved on the trial to be such, this will cure a defective description of the note in the mortgage.

SAME.—*Motion for New Trial.*—A motion for a new trial, on the ground of receiving improper evidence, or excluding proper evidence, must call the attention of the court to the particular improper evidence admitted, or the particular proper evidence offered and rejected.

SAME.—*Court.—Term.*—If a trial is in progress at the time when by law the term of the court would expire, the term shall be deemed to extend to the close of the trial.

APPEAL from the Howard Common Pleas.

PETTIT, J.—This suit was brought by the appellee against Ferdinand Dorsch and Maria Dorsch, his wife, to obtain judgment on certain promissory notes against him, which had been given for real estate which had been conveyed to Maria, his wife, and against her to foreclose the mortgage which had been given to secure the payment of the notes, being the purchase-money; and against James W. Robinson and Alice, his wife, Robinson having purchased the fee simple from Dorsch and wife after the mortgage was given.

Issues were formed, to which no exceptions were taken, however bad they may have been. Trial by the court, finding for appellee in the proper sum, and for foreclosure, sale, etc. Motion for a new trial overruled, and exception and judgment on the finding. There are many assignments of error in form, but none in law, except the overruling of the motion for a new trial.

The causes for a new trial are,

"First. That the court erred in receiving in evidence the notes of F. Dorsch, in support of the complaint, they being a different set of notes from the notes described in the mortgage."

This cause is not sufficiently specific. It should have pointed out in what particular the supposed defence existed. The mortgage and notes are made parts of the complaint, and were filed with it; and we have carefully compared them, and there is no legal difference between the notes and their description in the mortgage. But if the notes were not perfectly described in the mortgage, they were filed with

Dorsch *et al. v.* Rosenthall.

the complaint and alleged to be the same; and this would explain and cure any imperfection in their description in the mortgage, especially as two witnesses, one the notary public who made out all the papers, and the other having had their custody for a long time, swore positively that they were the notes given for the real estate, and to secure the payment of which the mortgage was executed.

"Second. The court received improper evidence on the part of the plaintiff.

"Third. The court erred in rejecting proper evidence offered by the defendant."

These causes are not sufficient. They should point out, and call the attention of the court to, the particular improper evidence admitted, and the supposed proper evidence offered and rejected by the court.

"Fourth. The finding of the court is not sustained by the evidence.

"Fifth. The finding and judgment are contrary to law and the evidence."

The evidence and the law have both been examined by us, and they not only warrant, but demand, the finding and judgment. The sixth, seventh, and eighth causes are mere repetitions of the foregoing causes, and are fully answered above.

"Ninth. The judgment is void, it having been rendered by the judge of the court, after the September term of said court had expired, and done in vacation, and judgment and decree made after the term of said court had expired; was not signed by the judge of said court, which was made after the last day of said September term had expired, ever signed by said judge."

We have literally copied this cause for a new trial, and find it difficult to tell what is meant by it. In one branch it seems to complain that the order book was not signed by the judge before the motion for a new trial was made. This ought not and should not have been done. The transcript shows that as soon as the finding of the court was announced, the motion and causes for a new trial were filed, argued,

overruled, and final judgment rendered. Here was an action of the court after the causes for a new trial were filed, and consequently they could not show as a cause for a new trial, that the final order was not signed by the judge. It was his duty to do it, and until the contrary appears, we shall presume he did his duty. The other branch of the cause for a new trial seems to raise the question of jurisdiction, the court having sat and rendered its judgment one day after the regular term had expired. The regular term expired on Saturday, October 24th, 1870. On that day this case was on trial, as the transcript shows all the evidence heard; but night coming on, the judge weary, and there not being time to finish the case, the judge adjourned from Saturday till Monday morning, and closed the case. This was clearly right. 2 G. & H. 27, sec. 32. "Whenever there is a trial begun and in progress at the time when by law the term of such court would expire, the term shall be deemed to extend to the close of such trial."

We believe there is no error, not even a technical one, in this record, that we have been able to see. Sure we are that the substantial rights of the parties have been fully protected. See 2 G. & H. 122, sec. 101.

The judgment is affirmed, at the costs of the appellants.

*J. W. Robinson,* for appellants.

*M. Bell* and *A. S. Bell,* for appellee.