Vankeuren *et al. v.* Howard.

---

## VANKEUREN ET AL. *v.* HOWARD.

PRACTICE.—*Motion for New Trial.—Reasons.*—"That the court erred on said trial in the rejection of evidence offered by the defendant, which ought to have been received," and "that the court erred in receiving evidence on the part of the plaintiff, which was objected to by the defendant, and which ought to have been rejected," as statements of reasons for a new trial, are too vague and indefinite to be considered on appeal.

APPEAL from the Clay Common Pleas.

PETTIT, J.—The appellee sued the appellants for malicious

prosecution in procuring him to be arrested on a charge of larceny in stealing a horse and buggy.

Answer of general denial, trial by jury, verdict for appellee for two hundred and forty-five dollars, motion for new trial overruled, and judgment on the verdict. The only error properly assigned is the overruling of the motion for a new trial. The reasons for a new trial are, " first, that the damages are excessive; second, that the verdict is not sustained by sufficient evidence; third, that the verdict is contrary to law; fourth, that the court erred on said trial in the rejection of evidence, offered by the defendants, which ought to have been received; fifth, that the court erred in receiving evidence on the part of the plaintiff, which was objected to by defendants, and which ought to have been rejected."

As to the first and second causes, we have only to say that we have carefully examined the evidence, and are far from being able to see or believe that the damages are excessive, or that the verdict is not sustained by sufficient evidence. As to the third reason, no law that the verdict contravenes has been pointed out, and we know of none. As to the fourth reason, it is too vague and indefinite. It should have pointed out, and called the attention of the court directly to, what evidence was rejected, which should have been received. We have often repeated this ruling, and elaborated the reason of it, and we do not deem it necessary to do so again, further than to say that a different practice might do great injustice to the court and the opposite party. As to the fifth, it is equally bad as the fourth, in not pointing out what evidence was received, which ought to have been rejected; but this reason is assigned as and for error, and is expressly waived and abandoned, as having no merit, in the appellants' brief.

Both of the defendants joined in the motion above considered, yet Richardson filed a separate motion for a new trial, on his own behalf, for these reasons: "first, that the

verdict is not sustained by any evidence as to him; second, that the verdict is contrary to law as to him."

This motion was overruled, and exception taken, but no separate assignment of error is made by Richardson for overruling his motion; but if there had been, the result must have been the same, as the evidence clearly shows he was the instigator and prime mover in causing the arrest of the appellee, not because he was guilty, but to detain him to find out what another man had done with the horse and buggy.

We hold that the court committed no error, that we can notice, in overruling the motions for a new trial.

The judgment is, in all things, affirmed, at the costs of the appellants.

*G. A. Knight, G. P. Stone, E. Miles,* and *A. T. Rose,* for appellants.

*S. W. Curtis, E. M. Compton, W. W. Carter,* and *S. D. Coffey,* for appellee.