## CASS *v.* KRIMBILL.

COURT.—*Adjournment and Adjourned Term.*—It is not necessary for a court to assign reasons for an adjournment and the holding of an adjourned term.

PRACTICE.—*Reasons for New Trial.*—"Error of the court during the trial in excluding the evidence of the defendant," is not sufficiently definite as a reason for a new trial.

APPEAL from the Porter Common Pleas.

PETTIT, J.—The appellee was sheriff of Porter county, and had several executions against one Mitchell in his hands for collection, and levied them on sheep and other stock of Mitchell's, and, without a delivery bond, the sheriff left the property in the custody of the defendant, Mitchell. When the day of sale came, the property levied upon was missing, and could not be found or offered for sale. The plaintiffs in the judgments on which the executions were issued sued the sheriff and obtained judgment against him for the respective amounts of their executions.

Krimbill sued Cass, reciting in full form the above facts, and charging him with wrongfully taking away the property, asking judgment, etc. Issues were properly formed; trial by jury; verdict for plaintiff; motion for a new trial, on the following grounds: "first, excessive damages; second, error in the assessment of damages, in this, to wit, in estimating the costs and interest on the judgment offered in evidence by the plaintiff; third, that the verdict is not sustained by sufficient evidence; fourth, error of the court, during the

trial, in excluding the evidence of the defendant." This motion was overruled, and exception taken.

We are satisfied, by the record, that the damages are not excessive, that there was no error in the assessment of damages, and that the verdict is fully sustained by the evidence. These points are not urged, nor is it pretended that they are not merely formally made.

The fourth reason for a new trial is, "error of the court, during the trial, in excluding the evidence of the defendant." This court has, in numerous and often-repeated rulings, held that this is not a sufficient reason for a new trial, for not pointing out the particular evidence that was supposed to have been improperly excluded.

The errors assigned are as follows:

"1. The court tried said cause at an adjourned term of the court, without any reasons assigned for the appointment of the same, and hence without legal jurisdiction.

"2. The court erred in excluding legal evidence, offered and excluded, and exception taken at the time.

"3. In admitting illegal evidence, objected to at the time; objection overruled, and exception duly taken.

"4. In overruling motion for a new trial, duly made, and exception to overruling taken, on account of errors during the trial, and for excessive damages."

As to the first assignment of error, we have to say that it was not necessary to assign reasons for the adjournment. *Casily* v. *The State*, 32 Ind. 62, and cases there cited.

As to the second and third, we say and repeat what has often been held in this court before, that they are no assignments of error, but only reasons for a new trial. The fourth error assigned is sufficiently answered under and on the motion for a new trial.

The only question presented in the appellant's brief is the admission of illegal evidence on the trial, and we have above held and ruled that this was not properly presented to the court.

We are satisfied, from all the case, that no wrong was done to the appellant.

The judgment is affirmed, at the costs of the appellant, with two per cent. damages.

*S. J. Anthony, F. Church, S. E. Perkins,* and *S. E. Perkins Jr.,* for appellant.

*T. J. Merrifield* and *J. Bradley,* for appellee.