### CALL *v*. BYRAM ET AL.

WITNESSES.—*Husband and Wife.*— *Evidence.*— *Will.*—On the trial of a suit by husband and wife to contest a will, the latter being an heir at law of the testator, she is a competent witness to testify in her own behalf.

SAME. —*Subscribing Witnesses.*—The subscribing witnesses to a will are competent witnesses, on the trial of an action to set aside the will, to give their opinions as to the soundness of mind of the testator.

NEW TRIAL.—*Reasons for.*—A reason for a new trial assigning generally the improper admission of illegal and irrelevant evidence on the trial, will not be considered by the Supreme Court.

APPEAL from the Hendricks Common Pleas.

PETTIT, J.—This suit was brought by the appellees, John Byram and Hannah Byram, his wife, against the appellant, John D. Call, to contest and set aside the will of Catharine Call, who was the mother of the appellant and of the appellee Hannah Byram, they being brother and sister. The

causes alleged for contesting the will are the unsoundness of mind of, and undue influence exercised over, the testatrix, Catharine Call. The answer was the general denial. There was a trial by jury and a verdict for the appellees. A motion for a new trial for the following reasons was overruled, exception taken, and judgment that the will was void and setting it aside: first, because the court admitted Hannah, wife of John Byram, to testify as a witness over objection, because she was the wife of her co-plaintiff (and because of the admission of other irrelevant and illegal evidence on the trial); second, because the court misdirected the jury in a material matter of law, in this, "that the subscribing witnesses to the will of Catharine Call, deceased, and the one sought to be set aside, are competent to give their opinion as to the soundness or unsoundness of the mind of the testatrix, but that the jury should take into consideration their means of knowing connected with all the evidence given in the cause, giving such weight thereto as the jury honestly believes the same is entitled to;" and for divers other instructions of law given to the jury in the charge of the court; third, that the verdict is not sustained by the evidence, but is contrary thereto; fourth, because the verdict is contrary to law.

The only legal and proper assignment of error is the overruling of the motion for a new trial, all the others being mere repetitions of the causes for a new trial, and are properly to be considered under that one assignment of error.

Was it error to allow Hannah, wife of her co-plaintiff and heir at law of the testatrix, to testify in her own behalf? Clearly not. If the will should be set aside, then she would inherit, as her own individual property, one-half of all that was left by her mother, the testatrix, and she alone might have maintained this suit without joining her husband. 1 G. & H. 295 (note 2); 1 G. & H. 374, sec. 5.

Her husband might, however, be joined with her without error. 2 G. & H. 41, sec. 8; 8 Ind. 257; 29 Ind. 398 and 570. The last clause of this cause or reason for a new trial

cannot be considered by us, nor ought it to have been by the court below, because it does not point out or suggest what other irrelevant or illegal evidence was admitted on the trial. 29 Ind. 406; 14 Ind. 322; 26 Ind. 343.

The second reason for a new trial was clearly untenable. The whole instructions are not in the record, and we learn by a brief that this is only a part of the twelfth instruction given. This is not a fair or, proper way of presenting a question to this court. If this part of the instruction was not right in itself, it might have been proper in connection with the residue of that and all the other instructions, or at least harmless; but we hold that by itself it was clearly right.

As to the third reason for a new trial, we have only to say that the evidence is somewhat conflicting, but, to our minds, it strongly preponderates in favor of and sustains the verdict and judgment, and we cannot reverse the judgment. 1 Davis Ind. Dig. 626.

As to the fourth reason for a new trial, that the verdict is contrary to law, we have not been pointed to any law that it contravenes, nor have we been able to find any such law; but on the contrary we believe and hold it to be in wholesome and strict conformity to law and equity.

The judgment is affirmed, at the costs of the appellant.

*C. C. Nave* and *C. A. Nave,* for appellant.

*L. M. Campbell* and *R. P. Parker,* for appellees.