THE OHIO AND MISSISSIPPI RAILWAY CO. *v.* HEMBERGER.

PLEADING.—Where an answer of general denial is pleaded, it is not error for which a cause will be reversed to sustain a demurrer to a paragraph of · answer containing only such facts as are admissible in evidence under the general denial.

DAMAGES.—*Defence.*—In an action for an injury to a drain leading from the plaintiff's cellar, the fact that the drain imperfectly accomplished the uses for which it was constructed cannot justify the injury to it; nor may such injury be justified by a license from a third party on whose land the drain is in part constructed.

NEW TRIAL.—*Motion.—Demurrer.*—Error in ruling upon a demurrer, or on a motion to strike out part of a pleading, is not in any case a reason for a new trial.

SAME.—*Evidence.*—A motion for a new trial on the ground of erroneously admitting or excluding evidence must indicate the evidence so admitted or excluded.

DAMAGES.—*Notice of Injury.*—It is not necessary that one whose cellar drain has been injured should give notice of the injury to the party that committed the injury before commencing suit to recover damages.

PRACTICE.—*Instruction.*—It is not error to refuse an instruction asked by a party, where the court of its own motion gives an instruction substantially the same as the one asked.

SAME.—It is not error to refuse an instruction which is not applicable to the evidence.

From the Jefferson Circuit Court.

*J. D. New, C. E. Walker,* and —— *Roberts,* for appellant.

*H. W. Harrington* and *C. A. Korbly,* for appellee.

DOWNEY, C. J.—There are three errors assigned in this case: 1. The overruling of the defendant's demurrer to the complaint. 2. Sustaining the demurrer of the plaintiff to the second, third, and fourth paragraphs of the answer; and 3. Refusing a new trial. The suit was commenced in the Jennings Circuit Court, and in consequence of a change ·of venue, was tried in the Jefferson Circuit Court.

The action was to recover for damages to the drain lead- · ing from the cellar under the house of the plaintiff, in consequence of which the cellar was flooded with water, and the contents thereof damaged.

The defendant answered by a general denial. For a sec-

The Ohio and Mississippi R. W. Co. *v.* Hemberger.

ond paragraph, it alleged that the drain connected with a sewer made by the Jeffersonville, Madison, and Indianapolis Railroad Company, passing from the west side of the last named railroad under said road to the east side thereof, and emptying into a ravine; that the drain from the plaintiff's cellar connected with said sewer under said road, about ten or fifteen feet west of the track thereof; that long before the defendant constructed her branch road, the Jeffersonville, Madison, and Indianapolis Railroad Company had caused said ravine into which said sewer emptied to be filled up with logs, timber, and earth on the east side of its road, for the distance of fifty rods, so obstructing it that the water flowing through said drain from the plaintiff's cellar, and emptying into said railroad company's sewer under its road and into said ravine, could not freely pass through the same, but could only percolate through the same in small quantities, and did not and could not drain the water from the plaintiff's cellar; that the defendant in constructing her branch road, by the leave and license of the said Jeffersonville, Madison, and Indianapolis Railroad Company, entered upon the track and lands of said railroad, and made her branch road at the place plaintiff alleges said drain was cut, in the ground of said railroad company, using care and skill not to sink her road-bed down to the top of plaintiff's drain, and did not do so; and she alleges that all the acts she did, and all the acts alleged to have been done, were done upon the lands and road of said Jeffersonville, Madison, and Indianapolis Railroad Company, and with her consent.

It is alleged in the third paragraph of the answer that there is and was a gutter on the west side of said Jeffersonville, Madison, and Indianapolis Railroad, to carry off the water flowing from the north and west and then southerly; that plaintiff caused the water to flow across Main street east and into said gutter, and also the water from the south side of defendant's road passed therein; and if he sustained any injuries or damage, it was from his own acts in so causing the water to flow from his own premises into said gutter and

fill the same up and cause the same to percolate through into his drain.

The court, on motion of the plaintiff, ordered the defendant to separate the second paragraph of the answer into two paragraphs, on the ground that it contained two defences to the action.   Instead of doing this, however, the defendant appears to have filed a fourth paragraph, in which it is alleged that the defendant made her road in the track of the Jeffersonville, Madison, and Indianapolis Railroad by leave of said last named railroad company, in a careful and skilful manner, and if the plaintiff's drain was cut as alleged, it was on the ground of said last named company, and plaintiff had no right to have his drain in said railroad company's track.

A separate demurrer was filed to the second, third, and fourth paragraphs of the answer, on the ground that they did not state facts sufficient to constitute a defence to the action.   These demurrers were all sustained by the court, and the defendant excepted.

A trial by jury ended in a verdict for the plaintiff for three hundred dollars.   A motion for a new trial was made by the defendant, which was overruled; it excepted, and there was final judgment for the plaintiff for the amount of the verdict.

There is no specific objection to the complaint pointed out.   Indeed counsel for appellant do not, in their brief, insist upon or argue the first assignment of error at all.

We are unable to see in any of the paragraphs of the answer, to which demurrers were sustained, anything material to the controversy, which could not have been given in evidence under the issue formed by the general denial.   When this is the case it is not error to sustain a demurrer to special paragraphs.   They may be stricken out on motion, as unnecessarily encumbering the record.   But a demurrer to them, when sustained, performs in effect the same office. But it is doubtful whether, taking as true all that is alleged in the original second paragraph, it amounted to any bar to

the action. That the plaintiff's drain, from any cause, imperfectly accomplished the uses for which it was constructed, does not seem to be a good excuse to the defendant for injuries to it. Nor can we see how the license from the Jeffersonville, Madison, and Indianapolis Railroad Company could justify the injury. Because the drain was in part upon the track or land of that company, the defendant could not claim the right to injure or destroy it, to the damage of the plaintiff. It is not shown that the drain, so far as it was on the track or lands of that company, was not there by the consent of that company, or by a right obtained from it. The fourth paragraph, which was filed under the order of the court to separate the second paragraph into two paragraphs, very clearly contains no defence to the action. If, as alleged in the third paragraph of the answer, the plaintiff himself caused the overflow of his cellar, and the consequent damage, this could well have been shown under the general denial. Without proof by the plaintiff that the injuries and damage resulted from the act of the defendant, the plaintiff could not recover. Evidence that the plaintiff himself caused the injury would have shown that it was not done by the defendant, and this evidence was admissible under the general denial.

We are next to consider the questions which are presented under the assignment relating to the overruling of the motion for a new trial. Referring to the written motion, we find that the reasons for a new trial are stated as follows : "First. The court erred in sustaining plaintiff's demurrer to defendant's answer. Second. The court erred in refusing to strike out parts of complaint on motion of defendant. Third. The court erred in admitting evidence offered by plaintiff over the objection of defendant. Fourth. The court erred in excluding evidence offered by defendant. Fifth. The court erred in giving to the jury the charges asked by plaintiff. Seventh. The court erred in refusing to charge the jury as asked by defendant, in charges from one

Vol. XLIII.—30

to twenty inclusive. Eighth. The finding of the jury is contrary to the evidence, is not sustained by the evidence, and is contrary to the law and evidence. Ninth. The damages are excessive."

The first and second reasons given for a new trial are not, in any case, reasons for a new trial. *Milliken* v. *Ham*, 36 Ind. 166. The third and fourth reasons are too general to present any question to the circuit court, or for our decision. We can not know what evidence is supposed to have been improperly admitted or excluded. *Vankeuren* v. *Howard*, 39 Ind. 291 ; *Cass* v. *Krimbill*, 39 Ind. 357 ; *Call* v. *Byram*, 39 Ind. 499; *Dorsch* v. *Rosenthall*, 39 Ind. 209. There does not appear in the record any ground for the fifth reason for a new trial. The bill of exceptions shows the giving of eight charges, which are headed " court charges," and that a series of charges, some of which are numbered, and some without numbers, was asked by the defendant and refused by the court. It is not shown that any charges were asked by the plaintiff or given at his instance. The seventh reason for a new trial is the refusal to give charges asked by the defendant, from one to twenty. As the bill of exceptions shows, the first charge asked by the defendant was without any number. There are in the record charges numbered one, two, three, five, six, seven, eight, nine, ten, eleven, twelve, and thirteen. We need not examine these charges *seriatim*. Counsel for appellant in their brief say, the court should have given charges one, two, and thirteen, to the effect that if the plaintiff knew that the defendant had cut his drain, he should have given notice to the defendant to remedy it, or should have protected himself from danger in consequence of it, if he could do so with the use of ordinary care on his part. No authority is shown which would require the plaintiff to give notice to the railroad company that it had done the injury complained of in order to entitle him to recover. As to the diligence required of the plaintiff to protect himself from damage resulting from the wrongful act of the defendant, the court stated to the jury as follows: " The law gave plaintiff a

reasonable time to repair the injury; and for the loss of the use of the cellar for this reasonable time, he would be entitled to recover; but if he failed to repair within a reasonable time, then he could not recover on account of the loss of the use of the cellar after that time had elapsed, though still and afterward unfit for use. If you find that he built the new drain within a reasonable time, or so soon thereafter as it could conveniently be done, taking into consideration the condition of the weather and other surrounding circumstances, and you find it could not sooner, by reasonable effort, have been made fit for use, then he will be entitled to recover for the value of the use of the same from the time it was overflowed until the new drain was put in." In view of the charge given, we think there was no error in refusing to give those which were asked on this subject and refused.

The plaintiff held the property to which the injury was done, by lease. His lease was dated the 1st of August, 1869, and was for one year with the privilege of two years. The principal injuries from the flowing of the water into the cellar seem to have occurred in November and December, 1869. The new drain was made, or completed by the plaintiff on the 16th of August, 1870, as appears from the evidence. In the third, eighth, and twelfth instructions asked by the defendant, the court was requested in substance to say to the jury, that under such a state of facts the plaintiff could not recover for making the new drain, for the reason that the plaintiff's lessor in fact made it, and he alone could recover for its construction. We have not been able to find any evidence in the bill of exceptions showing that the lessor of the plaintiff constructed the new drain or paid for its construction, and, therefore, can not see the propriety of giving any such instructions to the jury as those asked upon this point. It is not claimed by counsel for appellant in their brief that any other of the instructions refused should have been given by the court. With reference to the sufficiency of the evidence to justify the verdict, it is enough to state that the evidence is not of a character, taken as a

whole, to justify us in reversing the judgment on that ground. It has been the language of this court, as it must be of every similar appellate court, reaching as far back as the case of *Rapp* v. *Grayson*, 2 Blackf. 130, at least, that "if the evidence, relative to the merits of the action, be contradictory, and the jury have any grounds for their verdict in favor of the plaintiff, a court of errors will not reverse a judgment on the verdict, because a new trial had been refused. *Aliter*, if there was no evidence of a fact essential to the support of the action." See, also, *The Madison and Indianapolis R. R. Co.* v. *Taffe*, 37 Ind. 361, where many cases on this subject are collected. There is little conflict in the evidence in this case. It seems to us to justify and sustain the verdict of the jury.

The judgment is affirmed, with five per cent. damages and costs.