## WHITE *v.* RICE.

NEW TRIAL.—*Motion.*—That the complaint does not state facts sufficient to constitute a cause of action, is not in any case a reason for granting a new trial.

SAME.—*Uncertainty in Reasons for.*—A reason for a new trial, "that the court erred in excluding the evidence offered by the defendant, as appears elsewhere in the record," is too indefinite. The motion should state definitely the causes relied on.

ACTION TO RECOVER REAL ESTATE.—*Evidence.—Sheriff's Sale.*—To make out a title to real estate under a sheriff's sale, the judgment, execution, return, and sheriff's deed are pertinent and relevant evidence, when otherwise unobjectionable.

From the Warren Circuit Court.

J. *McCabe*, for appellant.

J. *Buchanan*, for appellee.

DOWNEY, J.—The appellee sued the appellant, alleging in his complaint that he was the owner in fee simple, and entitled to the possession, of certain real estate, describing it; that the defendant had possession thereof, and claimed title thereto, and unlawfully kept the plaintiff out of possession; and claiming damages in the sum of eight hundred dollars. The defendant pleaded the general denial.

VOL. XLVIII.—15

There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant, as a matter of right, asked that the judgment be set aside and a new trial granted him, which was ordered by the court. The plaintiff amended his complaint by filing an additional paragraph. The defendant again answered by a general denial. There was a trial this time by the court without a jury, a finding for the plaintiff, a motion for a new trial, for reasons filed, overruled, and final judgment for the plaintiff for the recovery of the land and damages.

The errors assigned are, that the complaint does not state facts sufficient to constitute a cause of action, and that the court improperly overruled the defendant's motion for a new trial.

The objection to the complaint rests on the assignment of errors alone, and is not urged in the brief of counsel. No objection to the complaint is pointed out, and we have not discovered any.

The reasons for a new trial, mentioned in the motion, are the following:

1. That the court erred in excluding the evidence offered by the defendant, as appears elsewhere in the record.

2. That the finding of the court is not sustained by sufficient evidence.

3. That the court erred in admitting in evidence, over the defendant's objection the record of the judgment, executions, and sheriff's deed.

4. That the finding of the court was contrary to law.

5. That the complaint does not state facts sufficient to constitute a cause of action.

We will examine these reasons in a little different order from that in which they are stated in the motion. The fifth ground stated is not in any case a reason for granting a new trial. It might have been good ground for demurring, or for a motion in arrest, had the fact been as alleged.

Nothing is urged under the fourth ground stated.

The first ground is too indefinite. The motion for a new

trial should state definitely the causes relied upon. 2 G. & H. 215, sec. 355 ; *The Ohio and Mississippi R. W. Co.* v. *Hemberger*, 43 Ind. 462. Other cases might be cited. If it was designed to refer to the bill of exceptions for the ground of the motion, that would not remedy the defect, for the bill of exceptions was not made and filed until after the motion was made and overruled.

The third ground relied upon has given us more trouble. On this ground, the case was decided against the appellee, but, on his application, a rehearing was granted. Two objections were made to the introduction of the judgment, executions, returns, and deed of the sheriff:

1. That all and each of them were irrelevant.

2. That the Warren Common Pleas, in which the judgment was rendered, had no jurisdiction to render the judgment.

The evidence was clearly not irrelevant. To make out a title to real estate under a sheriff's sale, the judgment, execution, return, and sheriff's deed are pertinent and competent evidence, when otherwise unobjectionable. As to the jurisdiction of the court to render the judgment, it appears that the action was upon a promissory note; that the defendants were properly before the court, two of them having appeared to the action, and the other having been served with process and having made default. We do not see any ground for the objection of want of jurisdiction, either of the subject of the action or of the persons of the defendants.

The second reason, that the finding was not sustained by sufficient evidence, is not sustained by the record. The evidence, consisting of the judgment, the executions, the returns, the sheriff's deed, and evidence as to the amount of damages, seems to us to make out the plaintiff's case.

The judgment is affirmed, with costs.

Opinion filed May term, 1874; petition for a rehearing overruled November term, 1874.