## BOWMAN ET AL. *v.* PHILLIPS ET AL.

PLEADING.—*Complaint to Set Aside Will.*—A complaint to set aside a will is good if it sets out a statutory cause in the language of the statute.

PRACTICE.—*Motion for New Trial.*—A motion for a new trial for error in admitting or excluding evidence, or in giving or refusing instructions, or in refusing to submit questions of fact to the jury, must point out the evidence improperly admitted or excluded, the instructions improperly given or refused, or what questions of fact the court refused to submit to the jury.

SAME.—Error in ruling upon a demurrer, or in ruling upon a motion to make the complaint more specific, is not a cause for a new trial.

SAME.—*Interrogatories to Jury.*—*Insufficient Answers.*—Where a jury returns a general verdict, but gives improper, irregular, and insufficient answers to interrogatories, the court may send them back with instructions to answer the interrogatories correctly.

WILL.—*Undue Influence.*—A person of sound mind may dispose of his property as he pleases, but if he does so in violation of all nature's laws, justice, and humanity, juries and courts will resort even to technicalities to prevent a great wrong.

From the Putnam Common Pleas.

*F. T. Brown, S. Turman, J. Birch,* and *J. Hanna,* for appellants.

*D. E. Williamson, A. Daggy, S. Claypool,* and *L. P. Chapin,* for appellees.

PETTIT, J.—This was a suit by the appellees against the appellants to contest the will of Leonard Bowman, deceased; and the causes or reasons, as stated in the complaint, for the contesting and setting aside of the will, are thus stated :

" And said plaintiffs allege and charge, that at the time of the pretended execution of said will by said testator, Leonard Bowman, he, the said Leonard Bowman, was of unsound mind ; and they further allege and charge the undue execution of said will; that the same was procured by fraud, and the undue influence of said defendants over said testator at the time of the pretended execution of the same."

A motion was made to make the complaint more specific " as to unsoundness of mind ; and as to the particulars of the undue execution of the will; and as to the acts consti-

tuting the fraud by which the will was procured to be executed; and as to in what consists the undue influence of defendants over the testator."

A motion was also filed to strike out the same parts of the complaint asked by the former motion to be made more specific. There was also a demurrer filed to the complaint for want of sufficient facts; and the reasons and suggestions made, as to why the demurrer should have been sustained, are the same as those pointed out in the two motions. Both motions and the demurrer were overruled, and, we must hold, correctly, till the cases of *Kenworthy* v. *Williams*, 5 Ind. 375, and *Reed* v. *Watson*, 27 Ind. 443, are overruled, which we are unwilling to do. The substance of those cases on this point is, that a complaint to set aside a will is good, if it sets out the statutory cause in the language of the statute; and we adhere to this ruling. No error was committed in overruling these motions and the demurrer to the complaint.

There was an answer of general denial, trial by jury, verdict for plaintiffs below, appellees here, with answers to special interrogatories sustaining the general verdict.

A motion for a new trial was made for these causes:

" 1. Error of the court in the admission of certain evidence by the plaintiffs, as stated in bill of exceptions.

" 2. Error of the court in refusing to admit evidence offered by defendants, as stated in bill of exceptions.

" 3. Error of the court in refusing the instructions of the defendants.

" 4. Error of the court in instructions given by the court.

" 5. That the verdict is contrary to law.

" 6. That the verdict is contrary to the evidence.

" 7. That the verdict is contrary to the law and the evidence.

" 8. That the verdict of the jury is not sustained by the evidence.

" 9. Error of the court in overruling a demurrer to the complaint.

" 10. Error of the court in overruling a motion to make the complaint more certain and specific.

" 11. Error of the court in refusing to submit certain questions of fact to the jury, as shown in bill of exceptions."

This motion was overruled, exception taken, and this ruling is assigned for error.

The first, second, third, fourth, and eleventh causes for a new trial are too indefinite and uncertain. They do injustice to the court and opposite party in not pointing out what evidence was improperly admitted or rejected, and what instructions were refused or given, and what questions of fact the court refused to submit to the jury, there being no bill of exceptions made at the time of making and overruling the motion, nor until nearly sixty days thereafter, on the subjects or questions to which these causes refer. *Sim* v. *Hurst,* 44 Ind. 579; *Truitt* v. *Truitt,* 37 Ind. 514; *Waggoner* v. *Liston,* 37 Ind. 357; *Eden* v. *Lingenfelter,* 39 Ind. 19; *Dorsch* v. *Rosenthall,* 39 Ind. 209; *Vankeuren* v. *Howard,* 39 Ind. 291; *Cass* v. *Krimbill,* 39 Ind. 357; *Streight* v. *Bell,* 37 Ind. 550; *Elliott* v. *Woodward,* 18 Ind. 183; *Wright* v. *Potter,* 38 Ind. 61.

As to the fifth cause for a new trial, we are not able to see why the verdict is contrary to law, as a jury may, by law, find a will valid or invalid.

As to the ninth and tenth causes for a new trial, we have only to say that they are not causes for a new trial.

As to the sixth, seventh, and eighth causes for a new trial, they only raise the question as to the sufficiency of the evidence to support the verdict and findings of the jury. We will consider this question hereafter.

The jury returned into court a general verdict for the plaintiffs, but improper, irregular, and insufficient answers to two of the special interrogatories put to them ; and the court sent them back to their room, with instructions to answer the interrogatories properly, which they did. There was no error in this. *Rosser* v. *Barnes,* 16 Ind. 502; *Noakes*

v. *Morey*, 30 Ind. 103; *Sage* v. *Brown*, 34 Ind. 464. The only remaining question for our consideration is the sufficiency of the evidence to support the verdict and special findings of the jury.

The evidence is very long, covering many pages, but we have carefully and fully examined, considered, and weighed it; and although we may be of opinion that the preponderance of evidence, as it appears to us on paper, may be or is in favor of the soundness of mind of the testator, yet there is evidence to justify the finding that he was of unsound mind when the will was executed.

The jury and court below heard and saw the witnesses face to face, and were far better qualified to judge of the force and effect of the evidence, and the credibility of the witnesses than we are, who only see the evidence and the names of witnesses on paper.

There being evidence on which the jury might, with propriety, have found that the testator was of unsound mind, we cannot reverse the judgment on a conflict of evidence on this point. This rule is so well established, and often repeated, that we need not refer to any of the numerous cases decided.

Upon the question of undue influence, two witnesses swear that Mary M. Bowman, widow of the testator, executrix of the will, devisee, and one of the defendants in the suit below, and an appellant here, a few days after the will had been probated, said to two of her daughters, plaintiffs below, appellees here, in a talk as to the provisions of the will, that their father did not want to make a will, but that she made him make it. If this was true, it proved undue influence, and ought to set aside the will. On this point there was also some conflict, but we think the evidence greatly preponderates in favor of the plaintiffs below, appellees here. It may be conceded, that a man with a sound mind may dispose of his own property as he pleases; but if he does so in violation of all nature's laws, justice, and humanity, juries

and courts will resort to even technicalities to prevent a great wrong.

The testator died two days after making his will, worth about thirty thousand dollars, all of which he gave to his wife and four sons (one of whom died ten days after he did, and his interest by will went to the three other sons); and he had two daughters, both of whom had worked on his farm, in and out doors, and had behaved themselves properly, and married respectably, so far as the evidence shows; and he gave his daughters each one thousand dollars, to be paid to them by his sons after one of them should come of age, which would be eight years after his death.

We believe the merits of this case have been fairly tried in the court below, and we cannot, therefore, reverse it. 2 G. & H. 278, sec. 580.

The judgment is affirmed, at the costs of the appellants.