## SHEPARD ET AL. *v.* BIRTH.

BILL OF EXCEPTIONS. — *Amendment of Complaint After the Sustaining of Demurrer for Want of Jurisdiction.*—The ruling of a court in granting leave to amend a complaint, after a demurrer thereto assigning want of jurisdiction of the court over the subject of the action has been sustained, can be reserved for the consideration of the Supreme Court only by a bill of exceptions setting out the original complaint and showing the ground of objection to the amendment and the action of the court thereon.

DEMURRER.—*Harmless Error.*—Where demurrers to paragraphs of answer have been sustained, and there is afterwards filed an additional paragraph of answer, under which all evidence may be admitted on the trial that would have been admissible under those to which demurrers have been sustained, errors in such rulings on the demurrers cannot be available on appeal.

From the Knox Circuit Court.

*W. E. Niblack, W. H. De Wolf* and *C. M. Allen,* for appellants.

*J. Baker,* for appellee.

DOWNEY, C. J.—The appellee sued the appellants. A demurrer to the complaint was filed by the defendants, on

the ground of want of jurisdiction of the court over the subject of the action. This demurrer was sustained by the court, and the complaint was then, by leave of the court, amended, so as to count upon a trespass to personal property. In its amended form, it charges that the defendants, without authority of law, took and carried away, and converted to their own use, divers articles of personal property of the plaintiff, stating the names of the several articles, and the value thereof.

The defendants answered in five paragraphs. The first was a general denial; the second was an answer of leave and license; the third, fourth and fifth, justified the seizure of the goods, on the ground that the defendant Shepard was collector of internal revenue of the United States, and Bayse, the other defendant, his deputy; and that the goods were seized to make a tax due from the plaintiff, as a distiller of liquors, etc. To the third, fourth and fifth paragraphs demurrers were filed by the plaintiff, and sustained by the court.

The defendants then filed a sixth paragraph of answer, which, as we understand counsel to admit, covered the ground occupied by the third, fourth and fifth paragraphs, to which demurrers were sustained.

There was a reply, in denial of the second and sixth paragraphs of the answer.

The issues were tried by a jury, and there was a verdict for the plaintiff for one thousand dollars. A motion by the defendants for a new trial was overruled, and there was final judgment on the verdict.

Errors are assigned as follows:

1. Granting leave to amend the original complaint, after a demurrer had been sustained for want of jurisdiction.

2. Sustaining the demurrers to the third, fourth and fifth paragraphs of the answer of the defendants.

3. Refusing to grant a new trial, on the motion of the defendants.

We think the first alleged error cannot be considered.

When the demurrer to the original complaint was sustained, and an amended complaint filed, the original was no longer in the record, to be certified here, unless made so by bill of exceptions, or order of court, for some proper purpose. 2 G. & H. 273, sec. 559; *McEwen* v. *Hussey,* 23 Ind. 395; *Toledo, etc., Co.* v. *Rogers,* 48 Ind. 427. Other cases might be cited.

No bill of exceptions was filed, or order of court made, by which the original complaint can be regarded as part of the record.

We think the point which counsel discuss could only be presented by bill of exceptions, setting out the original complaint, and thus showing what the cause of action stated therein was, and also stating the ground of objection to the amendment and the action of the court thereon.

The question relating to the demurrers to the third, fourth and fifth paragraphs of the answer may be disposed of on the ground already intimated; that is, that the sixth paragraph covers all the ground occupied by these paragraphs of the answer, and warranted the introduction of all the evidence which could have been given under them or any of them. The sustaining of the demurrers to these paragraphs of the answer did not, therefore, do the defendants any material harm. This has been often decided. No complaint is made that any material evidence was excluded.

The following are the reasons assigned in the motion for a new trial:

1. That the verdict of the jury herein is contrary to law.

2. That the verdict of the jury is contrary to the evidence.

3. That the verdict of the jury herein is contrary to the law and the evidence.

4. That the damages found by the jury herein are excessive.

5. For error in the assessment of damages herein, the same being too large.

The evidence tends to show that the appellee was chargeable with over four thousand dollars of taxes, the correct-

ness of which he does not appear to have seriously controverted. The taxes appear to have been regularly assessed, a warrant or precept for their collection issued, and the sale of the property duly advertised and made. Counsel for appellants claim that the officers making the seizure and sale of the property were justified by the facts disclosed in what was done by them. They cite *Erskine* v. *Hohnbach,* 14 Wal. 613, and *Haffin* v. *Mason,* 15 Wal. 671. We should not doubt that the officers were justified in their acts, while they kept within the sphere of legal authority and duty. But there is evidence, as we understand the testimony, that they did not do this. The evidence tends to show that property was taken besides that officially seized, which was damaged, wasted or consumed, to an amount equal to or greater than the amount of the verdict.

A question is made as to the right of the plaintiff to give evidence of the taking of property, other than that officially seized by the officer, without a special reply to the answer, by way of new assignment. In our judgment, there was no error here. The evidence went to the jury without any objection, and the question was in no way reserved in the court below; nor is it presented here so that it can be decided. The case is before us on the evidence, and we do not see that we ought to disturb the judgment.

The judgment is affirmed, with costs