Craig v. Ensey.

---

### CRAIG v. ENSEY.

PRACTICE.—*Pleading Struck Out.—Bill of Exceptions.—Supreme Court.*—A pleading struck out on motion must be made part of the record by a bill of exceptions, to present any question as to such ruling, to the Supreme Court on appeal.

SAME.—*Assignment of Error.—Motion for New Trial.—Evidence.—Erroneous Judgment.*—Questions arising upon the admission or exclusion of evidence, and the alleged rendition of judgment for the wrong party, are grounds for a new trial, but are not proper assignments of error.

SAME.—*Refusal to Dismiss Action.—Pleading.*—A refusal to dismiss an action on account of the insufficiency of the complaint is not ground for a new trial, but is a proper assignment of error.

SAME.—*Motion for New Trial.—Evidence.*—A motion for a new trial on the ground of the exclusion of evidence offered must clearly identify such evidence.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave,* for appellant.

*N. M. Taylor* and *L. A. Barnett,* for appellee.

NIBLACK, C. J.—This was a suit commenced before a justice of the peace, by Samuel F. Ensey, against Amelia Craig, for the recovery of the possession of certain portions of a building in Danville, in this State, used as a hotel, which it was alleged the plaintiff had leased to the defendant, and the defendant held over after her term had expired.

The defendant answered in four paragraphs, the first in general denial, and the other three setting up special matters in defence.

There was a finding and judgment for the plaintiff, before the justice.

On appeal to the circuit court, the defendant moved to dismiss the action for want of a sufficient complaint, but her motion was overruled. Thereupon, on motion of the plaintiff, the second, third and fourth paragraphs of the defendant's answer were struck out by the court.

Upon a trial, the court found for the plaintiff, and rendered a judgment of restitution in his favor, and for damages for holding over the premises.

Causes for a new trial, which the court refused to grant, were assigned as follows:

1. For irregularity in the proceedings of the court in overruling the motion of the defendant to dismiss the cause, and for excluding certain evidence offered by defendant;

2. That the finding of the court was not sustained by sufficient evidence; and,

3. That the finding of the court was contrary to law.

Errors are assigned here substantially as follows:

1. That the circuit court erred in striking out the second, third and fourth paragraphs of the appellant's answer;

2. That the circuit court erred in overruling the appellant's motion to dismiss the action for want of a sufficient complaint;

3. That the circuit court erred in finding in favor of the appellee and against the appellant, as there was no sufficient evidence of notice given by the appellee to the appellant to quit the premises sought to be recovered, the notice given in evidence being substantially insufficient and not properly served;

4. That the circuit court erred in excluding certain evidence offered by the appellant to prove that the appellee had practised a fraud upon her in leasing the hotel to her, and had rented a room in the same building with the hotel to another person, which was used in such a way as to injure her business as the keeper of such hotel;

5. That the circuit court erred in rendering judgment against the appellant, where, by the laws of the land, such judgment ought to have been in her favor;

6. That the circuit court erred in overruling the appellant's motion for a new trial.

The second, third and fourth paragraphs of the appellant's answer, referred to in the first assignment of error, and struck out by the circuit court, not having been made a part of the record by a bill of exceptions, are not properly before us, and hence we cannot consider the question of their sufficiency here. Buskirk Practice, 142; *Shepard* v. *Birth*, 53 Ind. 105; *Ward* v. *Angevine*, 46 Ind. 415; *Oiler* v. *Bodkey*, 17 Ind. 600.

As to the complaint, to which the second assignment of error relates, no specific objection to it is pointed out to us here, and we see none, upon a careful examination of it.

The third, fourth and fifth errors embrace matters only proper to be considered on a motion for a new trial; and, as these matters were not assigned as causes for a new trial, in the circuit court, we can not review them in this court. *Branham* v. *Record*, 42 Ind. 181.

The first clause of the first cause assigned for a new trial, in the circuit court, did not constitute any lawful rea-

son for a new trial. The alleged "irregularity" did not occur on the trial, but antecedently to and independently of it, constituting a matter of itself proper to be assigned for error here, if relied upon as erroneous.

The latter clause of said first cause for a new trial was too general and indefinite to be available in this court. The excluded evidence was in no manner identified or particularly referred to by it. *White* v. *Rice*, 48 Ind. 225; *Morrow* v. *The State*, 48 Ind. 432; *Anderson* v. *The Greensburgh, etc., Turnpike Co.*, 48 Ind. 467; *Meek* v. *Keene*, 47 Ind. 77; Buskirk Practice, 244, 245, 246.

No question was raised, upon the motion for a new trial, as to the improper admission of any evidence.

The evidence, as admitted by the circuit court, tended strongly to sustain its finding.

We can not therefore say, that the finding was not sustained by sufficient evidence. Nor can we hold that the finding was contrary to law.

We see no error in the proceedings below.

The judgment is affirmed, at the costs of the appellant.

Opinion filed at May term, 1878.

Petition for a rehearing overruled at November term, 1878.