Knisely *v.* Hire.

Filed June 13, 1891.

---

No. 189.

## KNISELY *v.* HIRE.

PRACTICE.—*Rulings on Evidence.—Appeal.—Review.*—Error of the court in admitting or rejecting testimony, in instructing the jury, or in any other ruling, if not presented for review in the Appellate Court by some recognized mode, will not be considered.

SAME.—*Admission and Rejection of Evidence.—Assignment of Error.*—Error can not be first assigned in this court on a ruling of the trial court in

admitting or excluding testimony, but can only be presented by having the error assigned as a cause in the motion for a new trial.

SAME.—*Assignment of Error.*—*Failure of Counsel to Discuss.*—*Waiver.*—An assignment as a cause for a new trial, that the verdict is not supported by the evidence, will be regarded as waived if not discussed by counsel.

NEW TRIAL.—*Excessive Damages.*—A new trial will not be granted on the ground that the damages are excessive, if there was evidence authorizing the jury to find the amount assessed in their verdict.

SAME.—*Specification of Cause for.*—A cause assigned for a new trial must be sufficiently definite and specific so as not to impose upon the Appellate Court or upon the trial court the task of searching the record for the alleged erroneous ruling.

SAME.—*Improper Instructions.*—Alleged error of the court in refusing to give a special instruction, and in giving one of its own motion, to be available on appeal, must be assigned as a cause for a new trial.

DAMAGES.—*Measure of.*—*Cutting Timber.*—In an action for damages for waste committed in wrongfully cutting timber from plaintiff's land, the measure of damages is not necessarily confined to the naked value of the timber taken, but it may be the depreciation of the land by reason of the cutting of the timber.

From the Marshall Circuit Court.

*A. C. Capron* and *J. D. Chaplin,* for appellant.

*O. M. Packard* and *C. F. Drummond,* for appellee.

REINHARD, J.—The appellee sued the appellant in the court below for the wrongful cutting of timber from appellee's land. The case was tried by a jury, and there was a verdict and judgment for the appellee for $500.

The first specification of error is as follows:

" The court erred in allowing the plaintiff to follow a proposition made by the court to allow two methods of testing and ascertaining the damages in the case; that was, first, the value of the timber destroyed and taken, and, second, the value of the entire land in the open market, and its depreciation by the cutting of the timber."

As an assignment of error this amounts to nothing. If the court committed any error, either in the admission or rejection of testimony, or in its instructions to the jury, or in any other ruling during the procedure, the question must be brought before this court, if at all, by some recognized

way of presenting questions for review, or it will not be considered.

The second specification of errors reads as follows:

" 2. The court erred in allowing the plaintiff to prove, over defendant's objection, what depreciation his entire farm had suffered in its market value by reason of the cutting and removal of the particular timber sued for in this action."

This attempted assignment is open to the same objection, and presents no question for our consideration.

The third assignment reads thus:

" 3. The court erred in refusing to allow a witness for plaintiff, one Samuel B. Gray, to answer the following cross-examining question." (Then follows the question.)

No error can be assigned for the first time in this court on the ruling of the trial court upon a question of admitting or excluding testimony. Such questions can only be presented by having the error assigned as a cause in the motion for a new trial.

The fourth specification is, that the court erred in overruling the appellant's motion for a new trial.

The first cause assigned for a new trial in the motion therefor, is in the language following, viz.:

" 1. The verdict of the jury is not sustained by sufficient evidence."

Counsel for appellant, in their brief, make use of this language:

" We ask the court to give the evidence a careful reading; not to decide upon its weight, but such reading will convince the court that the jury must have been misled by the instructions of the court."

This is the sum total of the argument presented in favor of the appellant's position on the subject of the failure of the evidence to sustain the verdict. We, therefore, regard the question as waived.

The second cause for a new trial is, that the verdict is contrary to the evidence.

If this constitutes any assignment of cause for a new trial it is not discussed, and is, therefore, waived.

The third ground assigned for a new trial is, that the damages are excessive.

There was evidence from which the jury were authorized to find the amount which they assessed in their verdict.

The next cause assigned for a new trial is as follows:

" Error of law occurring at the trial, and excepted to by the defendant at the time, in this: The court erred in allowing evidence to go to the jury tending to prove the damages to plaintiff's entire one hundred and sixty acres of land by the cutting of timber by defendant. The court erred in allowing a witness to answer the following question propounded by the plaintiff's attorney : ' In your judgment how much has the entire one hundred and sixty acres of plaintiff's land, described in the complaint, been depreciated in value by the destruction of the timber cut by the defendant and his men on the twenty acres, described in the complaint, over and above the value of the timber cut and taken off by defendant ? ' "

This question was objected to by defendant. The objection was overruled by the court, to which the defendant at the time excepted.

We think this specification of a cause for a new trial is entirely too indefinite. It does not give the name of the witness of whom the alleged question was asked, and we have been able to find no such question in the record, though there are several of a somewhat similar import. Nor does the motion state what the purport of the alleged improper evidence was. Section 562, R. S. 1881 ; *White* v. *Rice,* 48 Ind. 225.

The cause assigned for a new trial must be sufficiently definite and specific so as not to impose upon the Appellate Court, nor, indeed, upon the trial court, the task of searching the record for the alleged erroneous ruling. *Stewart* v. *Ritterskamp,* 54 Ind. 357. See, also, *Craig* v. *Ensey,* 63 Ind. 140.

We have examined the record at the places referred to in appellant's brief, where his counsel say he saved his exceptions, but we have not been able to find any such ruling as the appellant claims the court made.

In an instruction prepared by appellant's counsel the court was asked to charge the jury as follows :

" The court instructs the jury that if you find from the evidence that the defendant, by mistake, cut timber over the line, and that his men in good faith cut plaintiff's timber and took it away in the belief that it was the timber of the defendant, then I instruct you that the measure of damages in this case is the actual loss sustained by the plaintiff, and the value of the timber cut and taken off must be determined by its price in the vicinity, and not by the net value of the lumber or logs at a distant market."

We do not think the measure of damages was necessarily confined to the naked value of the timber taken. If the value of the trees, when reduced to chattels upon the premises, furnished a greater value for the injury done, the jury had a right to adopt it. If, on the other hand, the depreciation of the land by reason of the taking of the timber was more than the bare value of the trees, we think the jury had a right to adopt this as the measure of damages.

It was said in a New York case : " It is not difficult to see that serious injury may result from the cutting of timber on a wood lot to the whole farm, for which it is used to supply fuel, fencing and timber, and no sound reason exists why damages should not be recovered by reason of such destruction." *Argotsinger* v. *Vines*, 82 N. Y. 308. See, also, Sedgwick Damages (5th ed.), 625, and note.

Neither do we see how the good faith of the appellant could change the rule for the measurement of the damages in such cases as this.

Full compensation is all the appellee could recover under any phase of the case. There is no recovery for punitive damages for malice, etc. Where the criminal law provides

a punishment juries can not administer any such by adding vindictive damages. *Moyer* v. *Gordon,* 113 Ind. 282.

We think the court correctly stated the law in the instructions given to the jury, and the instruction asked for by the appellant stated but one phase of the law as applicable to this case.

These were all the causes assigned for a new trial.

The only remaining specifications of error are the fifth and sixth.

In these it is complained that the court erred in refusing to give a special instruction asked for by appellant, and giving one of its own motion over the objection and exception of appellant.

Such an assignment can not avail the appellant. The action of the court, to present any question therein, should have been assigned as a cause for a new trial.

We find no available error.

Judgment affirmed.

