Filed Dec. 15, 1892.

---

No. 446.

## SMITH *v.* McDANIEL.

PRACTICE.—*Instructions to Jury.— Waiver in Brief.*—It is not sufficient on appeal for counsel to refer to an instruction given by the court below, and state in their brief that in their opinion the instruction does not correctly state the law. Counsel must do more than make assertions in order to have a question reviewed on appeal. They must "state reasons for their propositions, and if necessary cite authorities in their support."

INSTRUCTIONS TO JURY.—*Reference to Paragraph of Complaint to be Considered.*—Where a complaint was in two paragraphs, and the issue joined upon the first paragraph was not submitted to the jury, it was not error for the court to instruct the jury that it was only necessary for them to give attention to the second paragraph of the complaint.

SAME.—*Malicious Prosecution.—Malice.—Grand Jury.—Subpœna.*—In an action for malicious prosecution, where the evidence tended to show that the defendant procured himself to be subpœnaed before the grand jury in order that he might testify against the plaintiff, it was proper for the court to instruct the jury that "as to whether a person appears

before the grand jury voluntarily or under process of subpœna, it is only material as touching the question of malice. If a person appears voluntarily some inference of malice might arise, but not necessarily so. On the other hand if a person appears in answer to a subpœna, the inference would be that he did so without malice, but if other facts show that he testified falsely and maliciously, the subpœna would not protect him."

From the Clark Circuit Cour..

*J. K. Marsh* and *W. H. Watson,* for appellant.

Fox, J.—In this case the appellee filed a complaint against the appellant in the Clark Circuit Court for malicious prosecution. The complaint was in two paragraphs, but inasmuch as the issue joined upon the first paragraph was not submitted to the jury by the court it will be unnecessary to regard it in this opinion.

The second paragraph charged substantially that on the 11th day of June, 1889, the appellant "falsely and maliciously, and without probable cause," procured the appellee to be indicted for " the crime of trespass, by reason whereof the appellant was arrested and compelled to give bail in order to procure his release;" that the appellant "caused said indictment to be prosecuted;" that upon the trial the appellee was promptly acquitted by the jury ; that the prosecuting attorney, after hearing a part of the testimony, " by and with the consent of the court, moved to dismiss said prosecution, whereupon the court instructed the jury to return a verdict of acquittal, which they did without leaving their seats;" that in consequence of said indictment and arrest the appellee " was injured in his reputation and credit and incurred an expense of fifty dollars in costs and expenses and counsel fees in defending himself, and was prevented for five days from performing his usual avocation, to his damage of five thousand dollars."

To this paragraph of the complaint a demurrer was

filed by the appellant, which the court overruled. An answer was then filed in two paragraphs. A reply was filed to the second paragraph, and thus was the case put at issue. The case was tried by a jury, resulting in a verdict for the appellee. A motion for a new trial was filed and overruled, and judgment rendered upon the verdict.

The action of the court below in overruling the demurrer to the complaint and the motion for a new trial are assigned as errors in this court.

Twelve reasons were assigned in the motion for a new trial.

In the motion for a new trial it is charged that the court below erred in a number of the instructions given to the jury. Counsel in their brief only refer to the 1st, 3d, 4th and 8th of the charges prepared by the court, and one asked by the plaintiff which was given by the court. Other charges mentioned in the motion for a new trial are not argued by counsel in their brief and for this reason they will not be considered here.

The 5th reason for a new trial is thus presented by appellant's counsel in argument:

" The reason for a new trial is that the court refused to give instructions 1, 2 and 4, asked by appellant.

" We insist that these instructions should have been given ; that they correctly stated the law as applicable to the case."

This is not a compliance with the well-established rules of this court. It is not sufficient for counsel to refer to an instruction given by the court below and then content themselves with the statement that, in their opinion, the instruction does not correctly state the law. " It is the duty of counsel to do more than make assertions; they should state reasons for their propositions, and, if necessary, cite authorities in their support." *Liggett* v. *Firestone*, 102 Ind. 514. See, also, *Knisely* v. *Hire*, 2 Ind. App.

86; *Powers* v. *State*, 87 Ind. 144; *Pratt* v. *Allen*, 95 Ind. 404; *McCann* v. *Rodifer*, 90 Ind. 602; *City of Anderson* v. *Neal*, 88 Ind. 317; *Millikan* v. *State, ex rel.*, 70 Ind. 283; *Landwerlin* v. *Wheeler*, 106 Ind. 523; *Louisville, etc., R. W. Co.* v. *Donnegan*, 111 Ind. 179.

Substantially the same statement is made by counsel in regard to the 6th, 7th, 8th, 9th, 10th, 11th and 12th reasons in the motion for a new trial. Counsel, not having stated "reasons for their propositions," have failed to bring this matter to the attention of court as required.

As we have said, the complaint was in two paragraphs. The court, in the first instruction given to the jury, stated therein that it was only necessary for them to give attention to the second paragraph of the complaint, and then proceeded to state the substance of its contents. To this counsel for appellant objected. In their brief they say in regard thereto: "The court, by the language employed, conveys to the jury the idea that the averments of the first paragraph were established as a matter of course, and that it was only necessary to invite their attention to the second paragraph." Evidently such was not the intention of the court and the jury could not so have understood. The effect of this instruction was to withdraw the first paragraph from the consideration of the jury, which, under the circumstances of the case, was not improper and could not in any wise have injured the appellant.

Objection is also made to the third instruction. This instruction is quite lengthy, and we deem it unnecessary to set it forth in this opinion. Counsel complain of the concluding part of it, which was as follows: "As to whether a person appears before the grand jury, voluntarily or under process of subpœna, it is only material as touching the question of malice; if a person appears voluntarily some inference of malice might arise, but not necessarily so. On the other hand, if a person appears in answer to a subpœna the infer-

ence would be that he did so without malice, but if other facts show that he testified falsely and maliciously, the subpœna would not protect him." The evidence given at the trial, which is in the record, tended to show that the appellant procured himself to be subpœnaed before the grand jury in order that he might testify against the appellee concerning the matter for which he was indicted. Taking the charge as a whole and applying it to the evidence, we think it not only stated the law fairly as to both the litigants, but stated it well. The same is true concerning the fourth and eighth instructions given, of which complaint is made. No substantial reason is stated by counsel, in argument, for their objections, and no authorities are cited.

The plaintiff below asked the court at the trial to give the following instruction to the jury:

" Where a person about to enter upon the enclosed or unenclosed land of another, upon which land he has a right, for a consideration paid therefor, to enter by virtue of a contract, either written or parol, and is forbidden to so enter by the owner, occupant or his agent of such land, and should thereafter enter upon such land, is not liable to a criminal prosecution for so entering upon said land."

To the giving of this instruction the appellant objected. While it is true that this instruction does not impress one as being a model of perspicuity, yet when taken in connection with the evidence, and with the other instructions given, we do not think the jury could have been misled by it even if they had understood it.

Appellant's counsel insist that the case should be reversed upon the evidence. We have carefully read the evidence as it appears in the record. There was much conflict between the testimony of the witnesses in the case, and the question of credibility became the turning point. It was for the jury to pass upon this question, and having done so this court will not interfere. In our

judgment the record discloses the fact that the case was fairly tried and properly decided upon its merits.

The judgment of the court is affirmed at the costs of the appellant.

Filed Dec. 14, 1892.