## CUNNINGHAM v. DORSEY.

In an action for breach of contract and for hindering the plaintiff from completing his part thereof, the true measure of damages is, the value of the labor performed by plaintiff, and the profit he could fairly have derived from the labor he was prevented from performing.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

This action was brought for $3,150 damages for breach of a contract made by plaintiff and defendants, by which plaintiff was to deliver a thousand logs (of which the plaintiff delivered five hundred) at defendants' saw-mill, and for which the latter were to pay a fixed price, and for hindering the plaintiff from fully performing his part of the contract— the amount claimed being $6,400, the contract price, less an admitted payment.

The answer denies, etc., and sets up an offset of $904 68. On the trial, the Court at the request of the plaintiff and under the exception of the defendants, gave the jury the following instruction, which was the third asked for: "That if the jury find from the testimony that the plaintiff was prevented from the full performance of his part of the contract by the acts of the defendants, that he is excused from a further performance, and the defendants become liable to pay as damages to the plaintiff the full amount agreed to be paid in the contract." The Court afterwards, at defendants' request, instructed the jury that the rule was as defined in the opinion of the Court. The jury found a verdict for plaintiff for $2,012. Defendants moved for a new trial; the motion was overruled and judgment entered for plaintiff. Defendants appealed.

*H. P. Barber* for Appellant.

The charge of the Court as to the rule of damages was erroneous. Cutter *v.* Powell, 2 Smith's Lead. Cas., 30; Baldwin *v.* Bennett, 4 Cal., 392; 7 Hill, 61. The defendants were entitled to a correct instruction without having an improper one, in direct contradiction to it, tacked on to it and nullifying its effect. We are entitled to a new trial when the true rule will be laid down without any admixture of error. 4 B. Monroe, 476, 522; 10 ibid, 5, 317; 1 Cal., 92; 18 Maine, 436; 22 Maine, 113; 1 Pick.; 206; 12 Pick., 177; 5 Mass., 365, 438; 5 Wend., 418; 11 Wend., 83; 1 Hill, 347; 4 Hill, 271. It can scarcely be pretended that the verdict of the jury was founded only upon the last instruction of the Court.

*Halleck, Peachy & Billings* for Respondent.

The contract was entire, and the plaintiff having done all that he could do without the concurrent action of the defendants, the latter are guilty of an affirmative act amounting to a tortious interference, and operating as a *waiver* on their part of whatever remained to be done by him. The compensation named in the contract is therefore the only measure of damages. See Baldwin *v.* Bennett, cited for appellant.

Even if the charge is erroneous, yet as the jury have not acted on it, a new trial should not be granted. The plaintiff sued for $3,150, the balance due on the contract. The only offset pleaded was $904 68, which would have made the verdict, under the instruction, $2,245 32, while in fact it was only $2,012. A new trial should not be awarded for error where the record shows that it was unattended with consequences. Santillan *v.* Moses, 1 Cal., 92; Kilburn *v.* Ritchie, 2 Cal., 145; Innes *v.* Senator, 1 Cal., 459; Clayton *v.* West, 2 Cal., 381.

Moreover the Court afterward gave the instruction requested by defendants, that "plaintiff was entitled only to such damages as he proved he had sustained." As the verdict of the jury is not in accordance with the first instruction, it must be presumed to have been founded upon the latter. Clayton v. West, 2 Cal., 381.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT. Mr. Chief Justice MURRAY concurred.

The third instruction given by the District Court, at the request of the plaintiff, is clearly erroneous. The true rule of damages is the value of the labor performed, and the amount of profit which could fairly have been derived from the labor left unperformed by the act of the defendants. Although afterwards, at the defendants' request, the Court laid down the correct rule, yet it is impossible to say that the erroneous instruction first given had no influence upon the jury. Both stood together and were of equal force, and we cannot by computation ascertain by which one the jury was controlled.

Judgment reversed, and cause remanded.