CHEEK ET AL. *v.* THE STATE.

PRACTICE.—*New Trial.—Statement of Cause.*—In a criminal action, the reason for a new trial, that "the court erred in refusing to admit competent and proper evidence offered by the defendants," is too vague and indefinite. The reason should state the evidence offered and refused, or by what witness it was proposed to introduce the evidence.

APPEAL from the Decatur Common Pleas.

PETTIT, J.—This was a prosecution by information for malicious trespass in destroying the tile in and injuring the drain of Jacob F. Robins. Plea, not guilty; trial by the court; finding of guilty, and fine of two dollars and fifty cents each; motion for new trial overruled; exception taken; and judgment on the finding.

The errors assigned are, first, the court erred in refusing proper and competent evidence offered by the appellants on the trial in the court below; second, the court erred in overruling the motion of appellants for a new trial.

The first is not assignable for error in this court. It is only an attempt to assign for error what the pleader thought was a cause for a new trial.

The causes for a new trial are, first, the decision of the court was contrary to law; second, the decision of the court was contrary to the evidence; third, the court erred in refusing to admit competent and proper evidence offered by the defendants.

The third is not a proper cause for a new trial. It is too vague and indefinite. It should have stated what evidence was offered and refused by the court, or by whom the evidence was offered to be made. Without such particularity, the court would have to go through, or over all the evidence offered and rejected, to hunt out what particular item of it was improperly rejected. Injustice might be done to the court, and to the adverse party, unless the particular evidence offered, and rejected, was pointed out in the motion for a new trial.

As to the first and second reasons for a new trial, we are not able to see why the decision is contrary to law or the evidence. The law clearly warrants the action of the court, and as to the evidence, it is clear, direct, and conclusive, and fully warrants the finding and judgment of the court; but if it was conflicting and doubtful, we could not reverse the judgment.

The judgment is affirmed, at the costs of the appellants.

*W. Cumback, S. A. Bonner, J. Gavin,* and *J. D. Miller,* for appellants.

*J. S. Scobey, O. B. Scobey, E. R. Monfort, C. Ewing, J. K. Ewing,* and *B. W. Hanna,* Attorney General, for the State.