## DAWSON *v.* HEMPHILL.

PRACTICE.—*Postponement of Trial.—Absence of Witness.—Affidavit.*—Upon an affidavit filed in support of a motion to postpone a trial on account of the absence of a witness, the adverse party indorsed an admission " that said witness, if present, would give evidence as herein stated."

*Held,* that this was substantially an admission " that he will testify to said facts as true," as provided by statute (3 Ind. Stat. 376).

SAME.—*Irrelevant Evidence.*—A judgment ought not to be reversed for the admission of evidence which is merely irrelevant.

SAME.—*Motion for New Trial.—Bill of Exceptions.*—Where a motion for a new trial on account of the admission of evidence, over objection, refers for the particulars upon which the objection is founded to a bill of exceptions not yet filed, such objection will not be considered by the Supreme Court.

From the Warren Circuit Court.

*W. P. Rhodes,* for appellant.

*M. M. Milford* and *Wallace & Rice,* for appellee.

DOWNEY, J.—Suit on a promissory note by the appellee

against the appellant and another, the latter of whom was not served with process.

The appellant was surety on the note, and pleaded in his defence that the appellee had extended the time of payment to the principal for a valuable consideration, for a definite time specified, without his consent, and claimed that he was thereby discharged from liability on the note.

Issues were joined, and the defendant, on affidavit, asked for a continuance of the cause, on account of an absent witness. His motion was overruled, and upon a trial of the issues there was a verdict for the plaintiff, and after a motion by the defendant for a new trial had been made and overruled, there was judgment for the plaintiff.

The overruling of the motion for a new trial is assigned as error.

Two questions are made and discussed by counsel for the appellant. The first is this: When the application was made for the continuance, the plaintiff made this admission on the affidavit: " The plaintiff, for the purpose of saving delay and continuance on account of said absent witness, hereby enters that said witness, if present, would give evidence as herein stated." Counsel for appellant contends that this admission is not as broad as is required by the statute, 3 Ind. Stat. 376. The language of the statute is, " If, thereupon, the adverse party will consent that on the trial the facts shall be taken as true, if the absent evidence is written or documentary, and, in case of a witness, that he will testify to said facts as true, the trial shall not be postponed for that cause," etc. We think the admission was, in substance, in conformity to the statute. It was, that the witness would give evidence that the facts were as stated in the affidavit for the continuance.

The second question relates to a certain statement which a witness was allowed to make on the trial, and which it is claimed was irrelevant. We ought not to reverse the judgment on this account, if the question was properly in the record.

The motion for a new trial refers to the bill of exceptions for the particulars upon which this objection is predicated. But the

bill of exceptions was not then filed, but was·filed afterward. Hence the question is not properly in the record. *Sim* v. *Hurst,* 44 Ind. 579.

The judgment is affirmed, with five per cent. damages and costs.