Mitchell v. Chambers.

---

MITCHELL v. CHAMBERS.

NEW TRIAL.—*Cause for.*—*Evidence Excluded.*—*Practice.*—Where the evidence intended to be elicited by a question put to a witness, but excluded on objection, is not made known to the court, at the time such objection is made, such exclusion is not a sufficient cause for a new trial.

SAME.—*Surprise.*— *Affidavit.*—*Supreme Court.*— *Practice.*—Where "surprise"

Mitchell v. Chambers.

at evidence given upon the trial of a cause is relied upon as ground for a new trial, if the affidavit which must be made in support thereof be met by counter affidavits, the decision of the court upon the question of fact, thereby presented will not be reversed by the Supreme Court, on appeal, on the mere weight of such evidence.

SUPREME COURT.—*Practice.*— *Weight of Evidence.*— Where the evidence given on the trial of a cause tends to support the finding therein, the Supreme Court, on appeal, will not disturb such finding on the mere weight of evidence.

From the Cass Circuit Court.

*S. T. McConnell* and *J. C. Nelson*, for appellant.

*M. Winfield*, for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in the Carroll circuit court; but before the final trial of the cause, the venue thereof was changed from the latter court, to the court below.

In his complaint, the appellee alleged, in substance, that on or about the 15th day of April, 1867, the appellee purchased of the appellant the real estate in Carroll county, Indiana, particularly described in said complaint, for the agreed price of twenty-seven hundred dollars, of which sum one thousand dollars was to be paid down, one thousand dollars in April, 1869, and the balance in April, 1870; that when he made said purchase, the appellee paid the appellant seven hundred dollars and executed his note to appellant for three hundred dollars, balance of the amount that was to be paid down, and also executed his two notes to appellant for said deferred payments; that on the 25th day of April, 1870, appellee paid the appellant two hundred dollars on said three-hundred-dollar note; that the appellant executed to appellee, at the same time, his bond, obligating himself to convey said real estate to the appellee; that in pursuance of said purchase, appellee entered into possession of said lands, farming the same, and made valuable and lasting improvements thereon, to the value of three hundred dollars; that in the early part of the year 1869, the appellant told, and agreed with, the appellee, that he, the appellant,

would take the lands back, and appellee should lose nothing, and he would pay the appellee the money, and interest thereon, that appellee had paid on said land, and would pay appellee for said improvements, if appellee would surrender said lands to appellant, without trouble, and he requested the appellee to let him have said bond. And the appellee averred, that, in pursuance of said request, he let the appellant have said bond, and that appellant took the same, and then retained it, and therefore the appellee could not give a copy thereof; and that, in pursuance of appellant's said agreement to pay him said money and interest, and for said improvements, and that appellee should lose nothing,—he surrendered to appellant said lands, without trouble; but the appellant had ever since, and then, refused to pay him said money and the interest thereon, and for said improvements; and the appellee averred, that there was then due him for said money and interest thereon, and for said improvements, the sum of one thousand five hundred dollars, for which he demanded judgment.

The appellant's final answer in this action was in six paragraphs, numbered from third to eighth, both inclusive, the first two paragraphs having been withdrawn. In the amended third paragraph of his answer, the appellant alleged, in substance, that he admitted that at one time he made a contract of sale with the appellee, for the lands described in the complaint, that certain papers were exchanged in pursuance of said contract, and certain payments made, and that appellee entered into possession of said land and enjoyed its use for two years, but he denied that appellee made any valuable or lasting improvements thereon; and the appellant averred, that, on or about the 18th day of March, 1868, appellee agreed with him, that, in consideration of appellant's then surrendering to appellee his notes mentioned in his complaint, and all evidences of debt, held by appellant against appellee, and releasing appellee from all claims for the use of said farm,

for timber taken therefrom, and for the crops thereof, and would allow appellee to remove the then growing crops on said land,—the appellee would deliver up his title-bond for said land, and, on or before March 23d, 1868, deliver up to appellant the possession of said land; that appellee would then and there release appellant from all claims held by him against the appellant, and would execute to appellant his obligation to deliver up to appellant the possession of said land, according to that agreement,—which obligation was then and there executed to appellant, and a copy thereof was filed with, and made part of, said paragraph of answer; and appellant averred, that the payment mentioned in said obligation never was made by appellee; that appellee gave up possession of said land, as in said obligation agreed; and that the said agreement, then and there made by him with appellee, which was by the appellant in all things faithfully carried out by surrendering to appellee all notes, accounts, claims and obligations held against him, and allowing the appellee, after his surrender of the possession of said land, to reenter upon the same and remove his crop,— was then and there solemnly agreed, by and between him and the appellee, to be an accord and satisfaction of all claims or demands, of any description, either growing out of said contract of sale and occupancy of said land, or of any other transaction whatever. Wherefore appellant said that appellee ought not to recover in this action, and prayed judgment for costs, etc.

The obligation mentioned in this paragraph of answer, and alleged to have been executed by appellee, recited that the appellant had, on April 13th, 1867, contracted and agreed to sell to appellee a certain tract of land in Carroll county, describing the land, and that the appellee had failed to make the payment, which had already become due on the same, and concluded as follows:

" Now, therefore, this agreement witnesseth, that the said Chambers now agrees to quit possession and deliver

up said premises to said Mitchell, on or before the 23d day of March, 1868, provided the said Chambers does not make the payment already due thereon, to wit, the sum of one thousand one hundred dollars, by that time.

(Signed) JAMES CHAMBERS.

"March 18th, 1868.

"Witness: A. H. EVANS."

In the fourth paragraph of his answer, the appellant pleaded the same facts that are pleaded in the third paragraph of his answer, as an accord and satisfaction of appellee's cause of action, except that he did not allege appellee's said agreement to be in writing.

In the fifth paragraph of his answer, the appellant claimed, by way of counter-claim, for the use and occupation of said land, and for timber, etc., cut and removed from said land, and for crops grown on said land, a large sum in damages.

In the sixth paragraph of his answer, the appellant pleaded the same matters, as in the fifth paragraph, by way of set-off.

The seventh paragraph of the answer was a general denial.

The eighth paragraph was a plea of payment.

The appellee demurred separately to the third, fourth fifth and sixth paragraph of appellant's answer, for the want of sufficient facts in each paragraph, to constitute a defence to the action. The record shows that the demurrer to said third paragraph of answer was overruled; but it fails to show any action of the court below, on either of the other demurrers to either of the other paragraphs of answer.

The appellee replied, in three paragraphs, to the appellant's answer, as follows:

1st. By a general denial;

2d. Payment of appellant's set-off; and,

3d. That appellant's claims were wholly without consideration.

The first paragraph of the reply was sworn to by appellee.

The action being at issue was tried by a jury, in the court below, and a verdict was returned for the appellee, assessing his damages at one thousand one hundred and eleven dollars and ninety-one cents. On written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and appellant excepted, and judgment was rendered upon the verdict.

In this court, the appellant has assigned but one alleged error, namely;

That the court below erred in overruling the appellant's motion for a new trial.

In his motion for such new trial, the appellant assigned several distinct causes therefor; but, in his argument of this cause, the appellant has only urged upon our consideration the following points, all of which are properly presented in and by the record of this cause, and by the alleged error assigned thereon:

1st. The court below erred, in the exclusion of competent and material evidence, offered on the trial by the appellant;

2d. The court below erred, in refusing the appellant a new trial, upon the ground, that, by appellee's evidence, the appellant was taken by surprise, which ordinary prudence could not have guarded against; and,

3d. That the court below should have sustained the appellant's motion for a new trial, upon the weight of the evidence.

These several points we will consider and decide, in the order in which we have mentioned them.

1st. In considering the alleged error of the court below, in excluding from the jury the evidence, which the appellant claims that he offered on the trial, we may remark in the outset, that the record wholly fails to show what the excluded evidence was, or what fact or facts the appellant expected to establish thereby. Certain ques-

tions were propounded by the appellant to his witnesses, on the trial, which the appellee objected to, and the court below sustained the objection, and the appellant excepted. And this is all that the record shows, either in the bill of exceptions or in the appellant's motion for a new trial, in relation to the alleged excluded evidence. It does not appear that the appellant informed the court below, at any time, what the evidence was which he hoped to elicit by his questions which were not allowed, nor what fact or facts he hoped to prove by the answers to such questions. It will not do to say, in such a case, that the court below could see, from the nature of the questions, what facts the appellant hoped to prove by such questions. Very possibly, the court below might guess correctly, from the questions asked, what fact the party might desire to prove by the answer to such question; but the court is not, and ought not to be, required to guess at such a fact; and then, too, the court might not guess correctly. Where a party may wish to avail himself, in this court, of an alleged error of the court below, in the exclusion of offered evidence, it is due to both the courts, that the record should show, clearly and explicitly, and without any necessity for inference or surmise, what evidence was offered and excluded, and what facts it was intended to establish thereby. Where, as in this case, the record shows only that certain questions were propounded to certain witnesses, and does not show the particular evidence which it was expected would be elicited by the answers to such questions, we can not say from the record that the court below erred in sustaining the objections to such questions. *The Toledo, etc., R. W. Co.* v. *Goddard*, 25 Ind. 185; *Lewis* v. *Lewis*, 30 Ind. 257.

2d. "Accident or surprise, which ordinary prudence could not have guarded against," is the third statutory cause for a new trial. 2 R. S. 1876, p. 180. It is one of the causes, which "must be sustained by affidavit," showing its truth. 2 R. S. 1876, p. 183, sec. 355. In the case at

bar, the "surprise" alleged by appellant was sustained by affidavit, but it was controverted by other affidavits. Where this is the case, a question of fact is presented, which must be determined by the court below, like any other question of fact in a civil action, upon the weight of the evidence. And the decision of the court below, upon such a question, will not be disturbed by this court, upon the mere weight of the evidence. We have examined the affidavits and counter-affidavits, in relation to the alleged "surprise," and, in our opinion, the decision of the court below, in overruling the appellant's motion for a new trial, in so far as it involved the appellant's alleged "surprise" as a cause for such new trial, was right and ought not to be disturbed.

3d. As to the point made by the appellant, that the verdict of the jury was not sustained by sufficient evidence, we have carefully examined the evidence in the record. There was certainly great conflict in the evidence, but it was for the jury to determine which of the witnesses was the more worthy of belief. We think there was evidence before the jury, on the trial of this cause, tending to support the material averments of the appellee's complaint. Where this is the case, this court has uniformly decided, as we now decide, that the decision of the court below will not be reversed by this court, upon the mere weight of the evidence.

The judgment of the court below is affirmed, at the appellant's costs.