# FAIRFIELD ET AL. *v.* JEFFREYS ET AL.

EXECUTORY CONTRACT.—*Measure of Damages for Breach of.*—Where a party has been wrongfully deprived of the profits of an executory contract, he may recover as an equivalent, and by way of damages, the difference between the contract price, the amount which he would have earned and been entitled to recover on performance, and the amount which it would have cost him to perform the contract.

From the Henry Circuit Court.

*J. T. Mellette* and *E. H. Bundy*, for appellants.

*M. E. Forkner*, for appellees.

HOWK, C. J.—In this case the appellees sued the appellants, before a justice of the peace of Henry county, to recover damages for an alleged breach of contract. The

trial of the cause before the justice resulted in a finding and judgment for the appellees, and against the appellants, in the sum of one hundred and forty-four dollars, and costs of suit.

In the circuit court, on appeal, the trial of the action, by and before a jury, resulted in a verdict for the appellees, in the sum of one hundred and thirteen dollars and twelve cents, and the court rendered judgment thereon for the appellees for the amount of the verdict and their costs before the justice, and for the appellants for their costs in the circuit court expended. The appellants' motion for a new trial was overruled, and their exception was duly entered to this ruling, and they appealed from the judgment rendered to this court.

The only error properly assigned by the appellants in this court is the decision of the circuit court in overruling their motion for a new trial. In this motion, the following causes for such new trial were assigned by the appellants :

1. In allowing the appellee Anderson Jeffreys to answer the following question over the appellants' objections : " From the time this building was ready for the masons, during the next eighteen days, state what amount of wages you and your son were able to earn and did earn."

2. In allowing the appellee Anderson Jeffreys to answer the following question over the appellants' objections : " You may state how long it would have taken you to put up the building."

3. In giving, of the court's own motion, instructions numbered 1, 2, 3, 4 and 5.

4. In refusing instructions numbered 1, 2, 3, 4 and 5, asked for by the appellants ;

5. For error in the assessment of the amount of recovery, the same being too large ;

6. The damages were excessive ;

7. The verdict was not sustained by sufficient evidence; and,

8. The verdict was contrary to law.

In their complaint the appellees alleged, in substance, that, in consideration that the appellees agreed with the appellants to furnish certain materials and perform and complete certain work for appellants, to wit, they, the appellees, would furnish the lime and sand, and build for the appellants the brick walls for the brick business house and building of the appellants then being built by them, the same to be built as early in the spring of 1877 as the weather would permit; that the appellants promised the appellees to permit them to furnish said materials, and perform and complete the said work on the terms aforesaid, and promised and agreed to pay them therefor four hundred and fifty-five dollars; that the appellees had always been ready and willing to furnish said materials, and perform and complete the whole of said work, upon said terms, whereof the appellants always had notice, but the appellants would not permit the appellees to furnish said materials, or to proceed with or complete said work or any part thereof, though specially requested so to do by the appellees; that, on the contrary, the appellants wrongfully and absolutely discharged the appellees, and prevented them from furnishing said materials and performing said work or any part thereof, and caused the same to be furnished and performed by other and different persons, whereby the appellees lost the profits, which otherwise would have accrued to them from the furnishing of said material and the performance of said work, and the price and value of said work and material, and had been compelled to remain idle for the space of sixty days and to look elsewhere for employment, and to spend, to wit, twenty-five dollars, in endeavoring to find employment, to their damage in the sum of two hundred dollars, for which they demand judgment.

It is earnestly insisted by the appellants' counsel, in their brief of this cause, that the third instruction given by the court, of its own motion, to the jury trying the cause, was clearly erroneous. The part of this instruction complained of by counsel reads as follows :

"In other words, the measure of plaintiffs' damages would be, *prima facie*, what their work upon defendants' building would have amounted to under their said contract; and, if they were thrown out of employment by reason of defendants' refusal to permit them to perform said contract, they would not be permitted to sit down and do nothing, if other work could be obtained, but it would be their duty to look for and obtain work if they could do so, and any sum that they did make, or might have made, at other work during that time, should be deducted from such damages as they would, *prima facie*, have been entitled to recover."

It is claimed by counsel, and we think correctly so, that the rule for the measure of plaintiffs' damages, as stated by the court in this instruction, is not applicable to the case made by the allegations of their complaint. We have given a full summary of this complaint, and it will be seen therefrom that the foundation of the supposed cause of action stated therein is an executory contract, alleged to have been made and entered into by and between the appellants and the appellees, whereby the latter undertook to furnish certain materials and build the walls of a certain building for the former, at and for a certain sum of money to be paid by them therefor. As a breach of this executory contract, the appellees alleged, in substance, that, although they had always been ready and willing to perform their part thereof, yet the appellants had practically annulled said contract, by refusing to permit the appellees to furnish such materials and build the said walls. For such a breach of such a contract, the true rule for the measure of the

damages, as we understand the law, is this: "The party who has been wrongfully deprived of the gains and profits of an executory contract may recover as an equivalent, and by way of damages, the difference between the contract price, the amount which he would have earned and been entitled to recover on performance, and the amount which it would have cost him to perform the contract." *Griffin* v. *Colver*, 16 N. Y. 489; *Cassidy* v. *Le Fevre*, 45 N. Y. 562; *Devlin* v. *The Mayor*, etc., *of New York*, 63 N. Y. 8; and *Dunn* v. *Johnson*, 33 Ind. 54. It seems to us that, in that part, above quoted, of the third instruction, the court gave the jury an erroneous rule for estimating and arriving at the damages sustained by the appellees, upon the case made in their complaint.

Appellants' counsel also complain, in argument, of the refusal of the court to give the jury instructions 3 and 4, as requested by them. In these instructions the appellants asked the court to give the jury substantially the same rule for the measure of the appellees' damages, if they should find for the appellees, which we have declared to be the true rule for that purpose, in such cases as the one now before us. We need not, therefore, set out these instructions, but we may properly say that the court erred in its refusal to give them.

Some other questions have been discussed by appellants' counsel, in their brief of this cause, but as we do not think that these questions are fairly presented by the record, it is unnecessary, and, in our opinion, would be unprofitable, for us to consider or give our views in regard to them.

For the errors of the court in giving and refusing to give the instructions above referred to, the appellants' motion for a new trial ought, we think, to have been sustained.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.