No. 9929.

WHITEHEAD ET AL. *v.* MATHAWAY.

PRACTICE.— *Witness.— Question.— Exception.— New Trial.— Available Error.—* Where an objection to a question put to a witness is sustained by the court, the party can not, by merely saving an exception to such ruling and assigning the same as cause for a new trial, get an error into the record which will be available for the reversal of the judgment. It must also appear that he stated to the trial court the evidence which he expected to elicit by the answer.

Whitehead *et al. v.* Mathaway.

ASSAULT AND BATTERY.—*Civil Action.—Defence.—Contributory Negligence.— Evidence.*—In a civil action for the recovery of damages for an assault and battery, the doctrine of contributory negligence has no application, and no defence can be predicated thereon; and the exclusion of evidence, tending to show that the plaintiff's negligence contributed to his injuries or damages, is not erroneous.

SAME.—*Damages.*—Where, in such action, it is shown that the plaintiff had received serious injury, $150 can not be regarded as excessive damages.

From the Pike Circuit Court.

*F. B. Posey* and *J. W. Wilson,* for appellants.

*E. A. Ely, C. H. Benton, A. H. Taylor* and *W. F. Townsend,* for appellee.

HOWK, J.—In this case the appellee sued the appellants, in a complaint of one paragraph, to recover damages for an assault and battery. The appellants answered by a general denial of the complaint. The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $150. Over the appellants' motion for a new trial, and their exception saved, the court rendered judgment on the verdict.

The overruling of their motion for a new trial is assigned as error by the appellants. On the trial the appellants asked a witness the following question: "When you saw the plaintiff a week or two ago, what was his condition as to sobriety or otherwise?" The appellee's objection to this question was sustained by the court, and the appellants excepted, and assigned the ruling as an error of law in their motion for a new trial as cause therefor. Of this cause for a new trial it is enough to say, we think, that a party can not, by saving an exception to the decision of the court in sustaining an objection to a question to a witness, get an error in the record which will be available to him for the reversal of the judgment. It must appear, also, that he stated to the trial court, clearly and explicitly, what the evidence was which he offered and expected to elicit by the answer of the witness to the question propounded. This much is due as well to the trial court as

Whitehead *et al. v.* Mathaway.

to this court, and, unless the record shows that such a statement of the offered evidence was made at the time, the supposed error of law, if it exist, can not be made available in this court. *Mitchell* v. *Chambers*, 55 Ind. 289; *Graeter* v. *Williams*, 55 Ind. 461; *Bake* v. *Smiley*, 84 Ind. 212. In the case at bar, the record fails to show that the appellants informed the trial court what evidence they offered and expected to elicit by the answer of the witness to the question to which an objection was sustained. The alleged error of law, of which they complain, is not properly saved in the record, therefore, and presents no question for the decision of this court.

By another witness, the appellants offered to prove on the trial, " that for two weeks immediately following the 8th day of January, 1881 " (on which day the assault and battery was committed), " the plaintiff was, the whole time, drunk and intoxicated." The appellee objected to the offered evidence, on the ground that it was not competent, and because it was irrelevant, immaterial and outside of the issues in the case. The court sustained the objection, and excluded the offered evidence; and the appellants excepted to the ruling, and assigned the same as cause for a new trial in their motion therefor.

It is very clear, we think, that the offered evidence was outside of the issues in the cause, and was properly excluded on that ground. It is recited in the bill of exceptions, that the evidence was offered " for the purpose of showing that the plaintiff aggravated his injuries and prolonged the period of his recovery." This means, if we understand it, that the appellee, by his own negligence or want of proper care, had contributed to his injuries; in other words, it is an attempt to apply the doctrine of contributory negligence, as a defence, in an action to recover damages for an assault and battery. The evidence offered was not competent, and was properly excluded in this view of the case. In *Ruter* v. *Foy*, 46 Iowa, 132, the court said : " The doctrine of contributory negligence has no application in an action for assault and battery. There can be no contributory negligence except where the defend-

ant has been guilty of negligence to which the plaintiff's negligence could contribute. An assault and battery is not negligence. The former is intentional; the latter is unintentional."

So, in *Steinmetz* v. *Kelly*, 72 Ind. 442 (37 Am. R. 170), this court recognized and acted upon the same doctrine. This court said: "An intentional and unlawful assault and battery, inflicted upon a person, is an invasion of his right of personal security, for which the law gives him redress, and of this redress he can not be deprived on the ground that he was negligent and took no care to avoid such invasion of his right." We are of the opinion that the offered evidence in this case was not competent evidence, for any purpose, and was correctly excluded on that ground. Its admission would have opened the door to the investigation of immaterial and irrelevant side issues, the determination of which either way could not have had any legitimate bearing upon the proper decision of the matters in issue in this case,

It is claimed that the damages assessed were excessive. It seems to us, however, that where it appears, as it does in this case, that two men committed an assault and battery on one, and broke his ribs by kicking him in the side, the sum of $150 can not be regarded as excessive damages.

The court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.