Elliott *et al. v.* Russell.

No. 10,617.

ELLIOTT ET AL. *v.* RUSSELL.

PRACTICE.— *Verdict.—Interrogatories.*—Where it does not appear by the record that the trial court submitted interrogatories to the jury, answers thereto returned with a general verdict will not be considered by the Supreme Court.

SAME.—*New Trial.—Evidence.—Bill of Exceptions.—Statement of Causes.*—A motion for a new trial, assigning for cause the rejection of evidence, may refer to a bill of exceptions *previously* filed for a statement of the particular evidence rejected, and if by such reference the evidence offered clearly and explicitly appears, it is enough to present the question. *Aliter,* if the reference be to a bill filed after the motion.

EVIDENCE.— *Witness.—Expert.—Opinion.*—An expert can not be asked to give an opinion based upon his own understanding of the evidence of others, but the enquiry should be upon a hypothetical case which the evidence tends to prove.

SAME.— *General Reputation.—Assault and Battery.*—In a civil suit for assault and battery, the general character of the defendant as a peaceable and orderly citizen is not admissible in evidence.

SAME.—*Admissions.*—In a suit against several, for assault and battery, the admissions and declarations of each, pertinent to the issue, are admissible against himself, and a joint objection by all is not well taken.

DAMAGES.— *Case where not Excessive.*—Where a mob seizes a prisoner, under arrest upon a criminal accusation, and hangs him by the neck till he is senseless, to extort a confession, $1,500 are not excessive damages.

INSTRUCTIONS.—*Record.*—Instructions are no part of the record unless made so by bill of exceptions, or having been prepared as provided by section 533, R. S. 1881, they are shown to have been filed.

From the Floyd Circuit Court.

*G. W. Friedley* and *J. V. Kelso,* for appellants.

*S. B. Voyles, H. Morris, H. Heffren, J. A. Zaring* and *T. J. Fullenlove,* for appellee.

Elliott *et al. v.* Russell.

. ZOLLARS, J.—This action was instituted in the court below by appellee against William A. Elliott, Ludwell Elliott, James W. Elliott, Lemuel Hayes and Samuel Taylor, all of whom are appellants, except Taylor.

The first paragraph of the complaint charges that on the 27th day of August, 1881, the appellants committed an assault and battery upon appellee, and hanged him by the neck, and thereby injured him.

The substance of the second paragraph is that appellants made an agreement, and formed a conspiracy among themselves and others, to the appellant unknown, to commit an assault upon him, and to hang him by the neck, and thus extort from him a confession that he had committed certain larcenies; that, in pursuance of this agreement and conspiracy, Ludwell Elliott instituted a criminal prosecution against him before a justice of the peace upon a charge of larceny, procured a warrant for his arrest, which was placed in the hands of appellant Lemuel Hayes, who delivered it to one George Russell, a constable; that said Russell, and Hayes and Samuel Taylor as his especially constituted deputies, at nine o'clock P. M. of the 27th day of August, 1881, went to the home of appellee and took him into custody, and started with him upon the highway leading to the office of the justice of the peace, who had issued the warrant; that, while he was being so taken, the defendants assaulted him, tied his hands behind him, placed a rope around his neck and hanged him three several times, endeavoring all the while to extort from him a confession of larceny; that after they had hanged him until he was speechless and senseless, and no confession being made, they ordered the constable to release him; that afterwards he was taken by the constable before the justice of the peace, and the witnesses were duly subpoenaed but failed and refused to attend, and he was discharged. It is averred that each and all of the acts done, and injuries inflicted, were by and in pursuance of an agreement and conspiracy by and between the defendants, and others to appellee unknown.

The jury returned a general verdict, assessing the damages at $1,500, against all of the defendants except Taylor. With this verdict the jury also returned answers to ten interrogatories. Upon these answers the appellants moved for judgment, notwithstanding the general verdict. The motion was overruled, and they excepted. Following this they moved for a new trial, which motion was also overruled, and they excepted. These rulings are assigned as error in this court.

It is insisted that the first assigned error is not available, and that this court can not consider the answers to the interrogatories, because there is nothing in the record showing that the interrogatories were submitted to the jury by the court. The only statement in the record bearing upon the question of the submission of the interrogatories is the statement that the jury, with their verdict, returned also their answers to interrogatories propounded by the defendants. Under former rulings of this court, this statement does not make it sufficiently appear that the interrogatories were submitted to the jury by the court, and hence they are not in the record, and can not be considered for any purpose. *Hervey* v. *Parry,* 82 Ind. 263; *Cleveland, etc., R. W. Co.* v. *Bowen,* 70 Ind. 478, and cases cited. However, without reference to those rulings, we have examined the interrogatories and the answers thereto, and regard them as insufficient to overthrow the general verdict.

Did the court below err in overruling the motion for a new trial? We will examine the causes stated in the motion in the order discusssd by appellants' counsel. The first cause discussed is the third. This cause is stated in the motion as follows:

" *Third.* Because of error of law occurring at the trial, and excepted to by the defendants at the time, in this, to wit: The court erred in excluding the testimony of E. P. Easly, Seymour C. Wilcox and Andrew Neat, competent witnesses, offered by defendants to prove certain material facts, which are

Elliott *et al. v.* Russell.

set out in defendants' special bill of exceptions filed herein and marked No. 1."

It is contended by counsel for appellee, that this cause is not sufficiently specific to present any question; that the evidence excluded should be specifically pointed out, and that reference can not thus be made to a bill of exceptions. It has been many times ruled by this court, that a cause for a new trial on account of the admission or exclusion of evidence must be so definite that the opposite counsel, the court below, and this court may know of the evidence admitted or excluded, without searching through the record, and conjecturing as to what is complained of, and that reference can not be made to a bill of exceptions not yet on file. *Cheek* v. *State,* 37 Ind. 533; *Call* v. *Byram,* 39 Ind. 499; *Mooklar* v. *Lewis,* 40 Ind. 1; *DeArmond* v. *Glasscock,* 40 Ind. 418; *Ball* v. *Balfe,* 41 Ind. 221; *Dorsch* v. *Rosenthall,* 39 Ind. 209; *Cass* v. *Krimbill,* 39 Ind. 357; *Eden* v. *Lingenfelter,* 39 Ind. 19; *Dawson* v. *Hemphill,* 50 Ind. 422; *Cobble* v. *Tomlinson,* 50 Ind. 550; *McCammack* v. *McCammack,* 86 Ind. 387; *Sim* v. *Hurst,* 44 Ind. 579.

In the case under consideration, the motion for a new trial was made and overruled on the 7th day of June. The bill of exceptions to which reference is made was filed on the first day of that month, and hence was on file when the motion was made. The case in this respect is different from those cited, or any other decided by this court that we now recollect. Such being the case, and the bill being on file, we think reference might be made to it in the manner done, and that thereby the motion became sufficiently certain, provided the bill was sufficiently specific to inform the court of the evidence excluded. It is contended further by appellee's counsel that the bill is not a part of the record. Preceding the bill in the record is a statement that on the 1st day of June, 1882, the bill was filed in open court. This court has held, under the code of 1852, that where a bill has been filed dur-

ing the term, as this was, and contains the statement as to the time the exception was taken, as this does, it will be presumed that time was given, and that the bill was filed within the time so given. *Volger* v. *Sidener*, 86 Ind. 545, and cases cited. We think that a reasonable rule under the statute of 1852, and especially under the code of 1881, which is somewhat different. We regard the bill, therefore, as in the record.

It is contended still further that regarding the bill as in the record, and looking to it for the proffered and excluded evidence, no error is shown upon the part of the court below. It was said by this court, in the case of *Mitchell* v. *Chambers*, 55 Ind. 289, that " Where a party may wish to avail himself in this court of an alleged error of the court below, in the exclusion of offered evidence, it is due to both the courts, that the record should show, clearly and explicitly, and without any necessity for inference or surmise, what evidence was offered and excluded, and what facts it was intended to establish thereby." The rule is a reasonable one, and well supported by the cases. See *Whitehead* v. *Mathaway*, 85 Ind. 85 ; *Bake* v. *Smiley*, 84 Ind. 212.

It is equally well settled that an expert witness will not be allowed to give his opinion upon his recollection and construction of the evidence in the case ; he must base his opinion upon his own testimony, or upon facts assumed to have been proven, which facts must be given to him as the foundation upon which to base his opinion. *Burns* v. *Barenfield*, 84 Ind. 43 ; *Guetig* v. *State*, 66 Ind. 94 (32 Am. R. 99) ; *Rush* v. *Megee*, 36 Ind. 69 ; *Bishop* v. *Spining*, 38 Ind. 143.

When we turn to the bill of exceptions " No. 1," we find the following in relation to the excluded testimony : " Defendant introduced E. P. Easly, Seymour C. Wilcox and Andrew Neat, all of whom were admitted to be medical and surgical experts, and competent witnesses, * * and offered to prove by said witnesses and experts, and each of them, that the hanging of a man for the time, and in the manner, plaintiff said he was hung, would not cause any blood to run,

flow or gush out of his nose, mouth or ears." It is contended
by appellee that this offer is not sufficiently definite, and not
made in such form as to make the offered evidence compe-
tent, if it were otherwise competent. We think this objec-
tion well taken. Appellee has not claimed that the blood
flowed from his ears, and whether it did or not flow from his
nose and mouth, is a question about which there is a conflict
in the evidence. And so, there is a conflict as to whether he
was hanged in the manner and for the length of time stated
by him in his testimony. Clearly, if the question had been
put to the experts as to whether or not the hanging of a man,
as the evidence showed appellee was hanged, or as he testified
he was hanged, it would have been incompetent. The offer
as we find it in the bill, would seem to indicate that it was
the purpose of appellants to put to the witnesses some such
question. But aside from this, this court can not know to
what declaration of appellee reference is made in the offer.
The statement in the bill is, " for the time, and in the man-
ner, plaintiff says he was hung," etc. This bill of exceptions
does not contain the evidence of appellee, nor any statements
by him in relation to the hanging. Nor was there, at the
time the motion for a new trial was filed and passed upon,
any other bill of exceptions on file containing such testimony
or other statements. The offered testimony might have had
reference to the statements of appellee in his sworn testimony,
or it might have had reference to other statements by him in
relation to the hanging. We think that the offer was not
sufficiently certain to make the exclusion of the offered testi-
mony erroneous. We do not decide as to whether or not, in
any event, it might have been competent.

Appellant Ludwell Elliott offered to prove his good repu-
tation as a peaceable and orderly citizen. There was no error
in the exclusion of this testimony. *Gebhart* v. *Burkett,* 57
Ind. 378 (26 Am. R. 81).

The sixth reason, as stated in the motion for a new trial, is,
that the court below " erred in permitting Thomas M. Dawson,

Athude Hayes, Robert Phillips, Waldo Noll and John W. Smedley, to testify to the declarations of Ludwell Elliott, James W. Elliott and Orange L. Hayes, defendants, against all the defendants, before proving the existence of the conspiracy, and after the consummation of the alleged conspiracy, to all of which the defendants at the time excepted, as shown in their bill of exceptions marked 'No. 2.' and filed herein."

This bill of exceptions, like "No. 1," was signed and on file at the time the motion for a new trial was filed and ruled upon. The testimony tends to show that Ludwell Elliott had a watch stolen from him, and that he suspected appellee of being connected with the theft; that, acting upon this suspicion, he filed an affidavit before a justice of the peace, and procured a warrant for the arrest of appellee; that he took the warrant and had it placed in the hands of one Russell, a constable, for service; that the affidavit was filed late in the evening of the 27th day of August, 1881, and that said constable, with appellant Hayes and one Taylor, as assistants, arrested appellee at about 9 o'clock on that evening; that when they had gone with him about one mile on the road to the office of the justice, they were met by a mob and appellee was taken from them and hanged as stated in the complaint. This much of the evidence is necessary to the complete understanding of the questions raised by the sixth reason for a new trial under examination. In the second bill of exceptions referred to in this reason, it is stated that before the existence of the conspiracy alleged in the second paragraph of complaint was shown, or that said defendants or either of them were parties to or engaged in such conspiracy, the said witnesses, over the objection and exception of the defendants, were allowed to testify. The said Dawson as follows:

"Old man Ludwell Elliott, two or three weeks before the hanging of John C. Russell, the plaintiff, came to my shop and told me that he believed he, said Russell, was a partner

Elliott *et al. v.* Russell.

of Bevel, and knew something about the stealing of the watch; that he (Elliott) would let the matter die away awhile and then get out a writ and have Russell arrested, and while the officer is bringing him to the magistrate's office I will have a party of men to lynch or hang him and make him tell."

The objection interposed to this evidence was " for the reason that the existence of the conspiracy had not been proved; or that the other defendants, or either of them, were shown to be parties engaged in it."

Said Hayes testified that said Ludwell Elliott had spoken to him as follows: " I believe John Russell (plaintiff) is a damned thief, and ought to be hung, and a fellow told me to whisper and he (Russell) would be hung, and if I (witness) wanted to see the fun he (Elliott) would let me know."

The objection to this testimony, as stated, was " on the ground the existence of the alleged conspiracy had not been shown."

Said Waldo Noll testified as follows: " Ludwell Elliott said he thought Russell (plaintiff) a damned thief, and that he ought to be hung, and if he was hung he would tell about the stealing of the watch."

This evidence was objected to for the reason " that the declarations of alleged conspirators ought not to be admitted before the existence of the conspiracy was shown."

Said John W. Smedley testified as follows:

" I had a talk with defendant Hayes, six weeks after the hanging. He told me all about the hanging of the plaintiff Russell. He said: ' When we got to the pond a party stopped us, and took and hung Russell.' He gave me the names of persons who did it. He said William Elliott, Gus Elliott, Sam. Taylor and George Elliott were in the mob." The objections interposed were, " that no conspiracy was shown to exist at the trial, and because the declarations were made after the consummation of the conspiracy, if one existed."

In each case the objections and exceptions were in behalf of all the defendants. If, then, the evidence was competent

as to any one, it was not error to overrule the general objections. This has been held to be the rule in similar cases. *Garrigus* v. *Burnett,* 9 Ind. 528; *Hawk* v. *Crago,* 12 Ind. 369. If the evidence was competent as to one, without any doubt, it would have been error as against the plaintiff to exclude it. Had the objection been properly made by the defendants other than the one who made the declaration, there would be reason for saying that the jury should have been directed to consider the evidence as against the party making the declaration only.

There is copied into the record what purports to be an instruction, asked by appellants and given by the court to the jury, in which it is stated that unless the conspiracy was established, the evidence objected to should be considered only as against the party making the statements. If the instructions are not in the record, as contended by appellee, then it must be presumed that the court gave all necessary and proper instructions. *Indiana Manufacturing Co.* v. *Millican,* 87 Ind. 87, and cases cited; *City of Indianapolis* v. *Murphy,* 91 Ind. 382, and cases cited.

Counsel for appellants devote the most of their argument to a vigorous assault upon the evidence, and contend with much ability, that it is not sufficient to sustain the verdict. We have not only read their brief with much care, but also the entire evidence. It would extend this opinion to an undue length to set out the evidence or an abstract of it. After this careful examination, we can not, under the well established rule, reverse the judgment on the weight of the evidence. The evidence on behalf of the appellee clearly tends to establish the case as made in the complaint. The evidence upon the respective sides is sharply in conflict. If we occupied the place of the jury or the court below, possibly we might reach a conclusion different from that in the trial court. The court and jury had the witnesses before them, and had opportunities we do not have to pass upon their credibility. Having determined as to what witnesses they would give credence, we can not disturb that determination. Neither can

we reverse the judgment on account of excessive damages. Upon the determination of the jury that appellee was hanged and maltreated as he states, surely $1,500 can not be said to be excessive damages.

It is insisted, lastly, that the trial court erred in the giving and refusal of instructions. It is contended by counsel for appellee, that the instructions are not in the record, and, therefore, can not be considered by this court. In this contention appellee is correct. The statute provides that instructions may become a part of the record without a bill of exceptions, if prepared in the manner prescribed and *filed*. R. S. 1881, section 533. In the case in hearing, the instructions are not embraced in a bill of exceptions, nor is there any evidence that they were filed as required by the statute. As was said in the case of *O'Donald v. Constant*, 82 Ind. 212: "The transcript contains no copy of the clerk's notation of the filing, nor any recital that they were filed." See, also, *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind. 110; *Heaton v. White*, 85 Ind. 376; *Hadley v. Atkinson*, 84 Ind. 64.

As we find no available error in the record, the judgment is affirmed, with costs.

Filed Jan. 10, 1884.