The Cincinnati, Indianapolis, St. Louis and Chicago Railway Co. *v.* Lutes.

No. 11,856.

THE CINCINNATI, INDIANAPOLIS, ST. LOUIS AND CHICAGO
RAILWAY COMPANY *v.* LUTES.

MEASURE OF DAMAGES.—*Breach of Contract.— Gains and Profits.*—A party
who has been wrongfully deprived of the profits of an executory con-
tract may recover, by way of damages, the difference between the amount
he would have been entitled to on performance and the amount it would
have cost him to perform the contract.

SAME.—*Procurement of Other Work.—Reduction of Damages.—Burden of Proof.*
—In such case the burden is upon the defendant to prove that the
plaintiff could have procured other work, from which profits would have
accrued, thereby preventing or reducing the damages for which he sues.

PRACTICE.— *Witness.— Objection to Question.—Statement as to what Evidence is
Expected.*—Where a question is propounded to a witness, to which an
objection is sustained, the party introducing the witness must, to make
the ruling available as error, state to the court what evidence he expects
to elicit by the answer to the question.

SAME.—*Instructions.—Making Part of Record.*—It is doubtful whether in-
structions to the jury are such papers as may, under section 650, R. S.
1881, be made a part of the record by an order of the court, or whether
they can be brought into the record in any other manner than by bill
of exceptions, or in the mode prescribed by section 535.

From the Marion Superior Court.

*A. W. Hendricks, O. B. Hord, A. Baker* and *E. Daniels,*
for appellant.

*F. Winter,* for appellee.

HOWK, J.—In this case, appellee Lutes sued the appel-
lant in a complaint of two paragraphs. In the first para-
graph of his complaint, appellee sued to recover damages for
an alleged breach by the appellant of a parol contract be-
tween the appellee and appellant for the driving of certain
piles at two bridges, known as numbers 5 and 6, on the line
of its railroad, in that the appellant, after such contract was
made and entered into, refused to permit appellee to perform
such work.

The second paragraph of complaint was a common count

for work and labor done, materials furnished, and money laid out and expended by appellee for the appellant, at its special instance and request, as shown by the bill of particulars therewith filed and made part thereof, etc.

Appellant answered in three paragraphs, of which the first was a general denial of appellee's complaint, and in the second and third paragraphs of its answer appellant pleaded specially that, on account of appellee's failure to comply therewith, the appellant had rescinded such contract.

Appellee replied by a general denial of the matters alleged in the second and third paragraphs of appellant's answer.

The issues joined were tried by a jury, and a verdict was returned for appellee, assessing his damages in the sum of $1,655; and, over appellant's motion for a new trial, judgment was rendered on the verdict. On appeal, the judgment of the court at special term was, in all things, affirmed by the general term; and from the judgment of the general term this appeal is now here prosecuted.

A number of errors were assigned by appellant in general term, all of which are presented here by a proper assignment of error. In their brief of this cause, appellant's learned counsel have, however, presented and discussed such questions only as arise under the alleged error of the court, at special term, in overruling appellant's motion for a new trial. In such motion, a large number of causes were assigned for such new trial, consisting, chiefly, of alleged errors of law occurring at the trial in the admission or exclusion of offered evidence, and in the giving or refusal of instructions. We will confine this opinion to the consideration of such only of these alleged errors of law so occurring as appellant's counsel have complained of here in argument, and to the decision of the questions thereby presented.

On the trial of the cause, the appellee, as a witness in his own behalf, on his examination in chief, testified that it would have cost him about $12\frac{1}{2}$ cents per foot to put down the piles at bridges 5 and 6; "that would have been the

actual cost." On his cross-examination, in answer to questions propounded to him by appellant's counsel, appellee further testified as follows:

"Q. You have said you could drive the piles for $12\frac{1}{2}$ cents a foot? Ans. Yes, sir.

"Q. Will you be kind enough to tell me what the expense would have been incident to driving those piles? Please enter into all the details and tell me just exactly what this expense would have been? Ans. Well, my brother's expense would have been $5 a day; I was paying him $125 a month; I was paying Vorhis $2.50 a day, I think; I will not say for certain; and Mr. Hutton either $2.50 or $2.25; I don't know about these little things; the teams, I think, we were paying $4 a day to.

"Q. How many teams had you? Ans. We ran two teams, with a driver.

"Q. Did $2.50 cover the time of a driver? Ans. I said $4 a day for each team.

"Q. Now, what else? Ans. Now, there would be about two laborers with them.

"Q. What would they cost you? Ans. They would be about $1.50 a day.

"Q. That would be all the labor? Ans. Yes, sir; that would constitute a gang."

After appellee had rested his case in chief, and appellant had begun the introduction of evidence in its defence herein, one Jacob Confer was called by appellant as a witness in its behalf, and, on his examination in chief, testified that he had been engaged in the business of bridge-building and pile-driving for seventeen years, and had built the "bridge No. 6," on the line of appellant's railroad, mentioned in appellee's complaint, and had experience in all kinds of pile-driving; that the work at said "bridge No. 6" was superintended by his partner in the business, Mr. Clay; and that he had eight hands employed. In the further examination

in chief of the witness Confer, appellant's counsel propounded to him the following questions:

"Q. 40. Now, what wages were paid by you to those other persons who were at work, and please tell whether it was, or was not, a reasonable compensation?

"Q. 41. Please tell, now, whether the wages you paid your employees there were, or were not, the usual and customary wages at that time and place, for that character of work, or otherwise?

"Q. 42. Please tell what the aggregate cost of the labor per day to you was at that bridge, and also state whether the expenditure was, or was not, the reasonable and customary cost for labor at that time and place, for that kind of work?

"Q. 43. Now, I will ask you to state, how the expense of driving those piles with the steam power that you had would compare with the driving of the same piles with horse-power?"

To each of the foregoing questions, as it was propounded, appellee objected at the time, on the ground that it was "incompetent, irrelevant and immaterial." The court sustained the objections, and appellant excepted. These rulings are the first errors complained of here by the appellant's counsel in their brief of this cause.

If the trial court had overruled appellee's objections to the questions last quoted, and permitted the witness to answer each and all of them, it is certain that appellee could not be heard to complain here of such rulings as erroneous. This is so because, under our decisions, appellee's objections to such questions were not sufficiently specific to present any available questions for our decision. *Stanley* v. *Sutherland*, 54 Ind. 339; *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409; *Byard* v. *Harkrider*, 108 Ind. 376.

But the trial court sustained appellee's objections to each of the questions quoted, and refused to allow the witness to answer them. These are the rulings of which appellant's counsel complain here as erroneous. The record fails to show,

however, that the appellant or its counsel, when such questions were objected to, informed the trial court what evidence it was expected to elicit by the answers to such questions, or either of them.

It has long been settled by the decisions of this court, that where a question is propounded to a witness, and the trial court sustains an objection thereto, the party can not, by simply saving an exception to the ruling, get available error into the record on the ground of the exclusion of competent evidence. In such a case the party must state to the court what the evidence is which he offers and expects to elicit by the answer of the witness to the question propounded and objected to. *Graeter* v. *Williams,* 55 Ind. 461; *Mitchell* v. *Chambers,* 55 Ind. 289; *Bake* v. *Smiley,* 84 Ind. 212; *Louisville, etc., R. W. Co.* v. *Smith,* 91 Ind. 119. This rule of practice is a reasonable one, and is well sustained by our decided cases. *Elliott* v. *Russell,* 92 Ind. 526.

It is manifest, therefore, that it would be unavailing and unprofitable for us to attempt to decide whether or not the evidence which appellant apparently expected to elicit by the answers of the witness to the questions quoted would have been competent, material and relevant. The question is not properly presented for our decision by the record of this cause, and, if we should attempt to decide it, all that we would or could say in relation to the question would be at most mere *dictum.* We decline the attempt.

Appellant's counsel next insist that the trial court erred in sustaining appellee's objection to the following question propounded by appellant to Jacob Rubush, a witness on its behalf, in his examination in chief, namely: "I will ask you to state whether his (William A. Lutes') manner, in his conversation with you there, and as to your suggestions, was courteous."

It is shown by the record that appellee objected to this question "as incompetent, irrelevant and immaterial, and as asking for a conclusion of the witness." The court sustained

## MAY TERM, 1887. 281

The Cincinnati, Indianapolis, St. Louis and Chicago Railway Co. *v.* Lutes.

the objection, and appellant excepted. Here, again, the appellant and its counsel failed to state to the trial court what the evidence was which it was expected to elicit by the answer of the witness to the question last quoted. Under our cases heretofore cited herein, appellant is not in a condition to complain here of the sustaining of appellee's objection to its question to its witness Jacob Rubush.

Finally, it is claimed by appellant's counsel that the trial court erred in the instruction given of its own motion, in the event the jury found for the appellee, upon the question in relation to the measure of his damages.

Upon this subject the court instructed the jury as follows: " The general rule as to the measure of damages applicable here, if the plaintiff is entitled to recover at all, is this :

" The party who has been wrongfully deprived of the gains and profits of an executory contract may recover as an equivalent, and by way of damages, the difference between the contract price—the amount which he would have earned and been entitled to recover on performance—and the amount which it would have cost him to perform the contract. In estimating such cost, allowance must be made for every item of cost and expense necessarily attending a full compliance on his part ; and, in estimating his profits, you will, of course, exclude all such as are merely speculative and conjectural."

The trial court gave the jury no other instruction in reference to the measure of appellee's damages, in the event of his recovery herein ; and neither appellant nor appellee asked the court for any further or additional instructions on the subject of the instruction quoted, so far as the record shows. Not only so, but the record wholly fails to show in any manner, so far as we can find, that appellant excepted at the time either to the instruction quoted or to any other instruction given by the court of its own motion or at appellee's request. The instructions asked by appellee are not copied in the record, nor is it shown whether they were given or refused

by the court; but, as to these instructions, all that is shown by the transcript before us is that they were " not on file."

The instructions asked by appellant were all refused by the court, and were copied by the clerk below in the transcript now before us; but these instructions were not made a part of the record of this cause in any manner known to our law. The instructions given by the court of its own motion are copied at length in the transcript before us; and then follows an order of the court "that all instructions asked and given herein be made a part of the record in this cause." But it may well be doubted, as it seems to us, if the instructions of the court are such papers as may, under the provisions of section 650, R. S. 1881, be made a part of the record by " an order of the court," in any case; or whether the instructions can be made a part of the record in any other manner than by bill of exceptions, or in the mode prescribed in and by section 535, R. S. 1881. *Childress* v. *Callender*, 108 Ind. 394.

If it be conceded, however, that this order of the court is sufficiently broad and comprehensive to include within its terms all instructions given by the court of its own motion, and not asked for by either party, then, but not otherwise, these latter instructions were properly made a part of the record of this cause. But, even if this much be conceded, it is certain, we think, that this order does not show, nor is it elsewhere shown in the record before us, that appellant excepted at the time to the giving of the instruction above quoted, or any of the instructions given by the trial court of its own motion or at appellee's request. It follows, therefore, that appellant is in no condition to complain here of the supposed error of the trial court in giving of its own motion the instruction above quoted. But if it were otherwise—if the supposed error of the court, in giving such instruction, were properly saved in and presented by the record before us—we are clearly of the opinion that the instruction above quoted correctly stated the rule for the measure of appellee's damages, in the event of his recovery, applicable alike to the

issues in this cause and to the case made by the evidence herein. This is settled, we think, not alone by the decided cases in our own reports, but also by the decisions of the courts of last resort in several of our sister States. *Dunn* v. *Johnson*, 33 Ind. 54 (5 Am. R. 177); *Hadley* v. *Prather*, 64 Ind. 137; *Fairfield* v. *Jeffreys*, 68 Ind. 578; *Fox* v. *Harding*, 7 Cush. 516; *Cunningham* v. *Dorsey*, 6 Cal. 19; *Cassidy* v. *Le Fevre*, 45 N. Y. 562; *Devlin* v. *Mayor*, etc., 63 N. Y. 8.

It is no doubt true, as claimed by appellant's counsel, that the general rule for the measure of the plaintiff's damages, in such a suit as this, as stated in the court's instruction above quoted, is subject to this modification, in a proper case, to be shown by the defendant, namely: That if the plaintiff could have procured other work, from which profits would have accrued, such profits should have been deducted from his estimated damages. "The burden of proving that the damages which have been sustained in such cases could have been prevented, unquestionably rests upon the party guilty of the breach of contract." *Hamilton* v. *McPherson*, 28 N. Y. 72; *Costigan* v. *Mohawk*, etc., *R. R. Co.*, 2 Denio, 609; *Dunn* v. *Johnson*, supra. In the case in hand, the defendant below did not show by its evidence that the plaintiff herein could have procured other work, from which profits would have accrued. No basis was shown, therefore, for any modification of the rule for the measure of appellee's damages herein, as stated in the court's instruction above quoted; and, besides, it does not appear that appellant asked the trial court to modify such rule, in the respect mentioned or in any other respect.

We have found no error, in the record of this cause, which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed May 10, 1887.

The Cincinnati, Indianapolis, St Louis and Chicago Railway Co. *v.* Lutes.

ON PETITION FOR A REHEARING.

HOWK, J.—Appellant asks a rehearing in this case, as we understand its learned counsel, not so much on account of what is decided in our former opinion, as on account of what, as counsel claim, we then failed to decide. It is shown by the record of this cause that, on the trial thereof, while appellee was on the stand as a witness, he was asked by appellant, on cross-examination, the following questions, namely :

1. " What was this work you were doing at East St. Louis ? "

2. " What were you doing out there at East St. Louis ? "

Objections were made, on behalf of appellee, to his answering each of these questions, when appellant's counsel stated to the court that they offered to prove, by the answer to the first question, that with the same pile-driver and crew appellee, immediately upon quitting the ground at bridge 6, went to work at East St. Louis, and continued there for sixty days at work, with the same crew ; and by the answer to the second question, that appellee made. the same profit at East St. Louis that he would have made if he had continued at work on bridge 6. Appellee's objections to each of such questions were sustained by the court, and appellant excepted, and assigned such rulings as causes nine and ten in its. motion for a new trial. It is true, as appellant's counsel claim, that we did not in terms notice these rulings in our original opinion ; but we showed then, we think, that there was no error in either of these rulings by holding, as we did, that the burden was on the defendant to prove that plaintiff could have procured, or did procure, other work from which profits would have accrued, or did accrue, which profits ought to be deducted from the estimated damages. In other words, the proof of such profits was a part of the defence, to be introduced at the proper time. It is apparent, we think, from the examination in chief of appellee as a witness, that

the questions above quoted, propounded to him by appellant, were not competent or legitimate on cross-examination; and it was on this ground, we doubt not, that the learned trial court sustained the objections to each of such questions. There was no error in either of such rulings.

The petition for a rehearing is overruled, with costs.

Filed Dec. 30, 1887.