## NADELMAN et al. v. PITCHEL et al.

### (Supreme Court, Appellate Term.  October, 1901.)

**ACTIONS—TRIAL—ELECTION BETWEEN CAUSES.**
> Where an inconsistency appears on the face of a complaint, a motion by defendant at the trial that plaintiff be compelled to elect on which particular right of recovery he will rely may be denied by the court in its discretion.

Appeal from city court of New York, general term.

Action by Jacob Nadelman and others against Herman Pitchel and others.  From a judgment of the general term of the city court affirming a judgment in favor of plaintiffs and an order denying a new trial (71 N. Y. Supp. 1142), the defendants appeal.  Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

Joel Krone (George W. Galinger, of counsel), for appellants.
Jacob Marks, for respondents.

McADAM, J.  The action was to recover damages for the breach of a contract whereby the plaintiffs were employed to make for the defendants 25 ring trays, 100 brooch-pin trays, and 200 scarf-pin trays.  The breach alleged was the refusal of the defendants to accept part of the trays, which plaintiffs had completed, and in countermanding the order as to furnishing the goods.  There was no dispute as to the contract so far as the character, quantity, or price of goods was concerned.  The contest was whether there was a special provision that the goods were to be furnished, and delivered within three weeks of the time of making the contract.  There was a direct conflict of evidence on this subject, which was submitted to the jury, and decided by them adversely to the defendants.  There were no exceptions to the judge's charge, and those taken to rulings on evidence are without merit.  The defendants, at the commencement of the trial, asked the plaintiffs to elect whether they proceeded for work, labor, and services or for damages.  The form of the action was at once transparent on the face of the complaint,—i. e., damages for breach of contract,—and it could not have been made more apparent by any oral declaration put on record.  The defendants' application was therefore properly denied.  The rule is that, even when an inconsistency appears on the face of the complaint, and the defendant lies by till the trial, and then moves that the plaintiff be compelled to elect on what particular right of recovery he will intend to rely, the court may, in its discretion, wait until part or all of the evidence is taken before deciding the motion; and its denial is so far discretionary that it will not be reviewed when it appears that the defendant has not been harmed.  Tuthill v. Skidmore, 124 N. Y. 148, 155, 26 N. E. 348.  No point was made at the trial as to the measure of damage applied by the court in submitting the cause to the jury, which seems to have been appropriate.  Clark v. Mayor, etc., 4 N. Y. 338, 53 Am. Dec. 379; Clark v. Marsiglia, 1 Denio, 317,

318, 43 Am. Dec. 670; Cunningham v. Dorsen, 6 Cal. 19. It follows that the judgment and order must be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.